**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

**MOUNTAIN VALLEY PIPELINE, LLC,**

**Plaintiff,**

**v.** **CIVIL ACTION NO.** 5:23-cv-00625
**JUDGE: ____________**

**MELINDA ANN TUHUS, a Connecticut resident;**

**Defendant.**

**COMPLAINT**

Mountain Valley Pipeline, LLC ("MVP"), by counsel, hereby complains and petitions this Court for injunctive and other relief as necessary against Defendant Melinda Ann Tuhus ("Defendant"). In support thereof, MVP states as follows:

**PARTIES & JURISDICTION**

1. MVP is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia. MVP is authorized to conduct business in the State of West Virginia. None of MVP's members, or those holding an ownership interest in MVP for purposes of diversity are residents of Connecticut.

2. Upon information and belief, Defendant Melinda Ann Tuhus is a resident of Hamden, Connecticut.

3. Pursuant to the provisions of 28 U.S.C. § 1332(a), as amended, the United States District Court for the Southern District of West Virginia, at Beckley, has original jurisdiction over

this action because the parties are citizens of different states and because the action seeks damages in excess of $75,000.00.

4. The real property that is the subject of this action is situated in Summers County, West Virginia.

5. Venue is proper in the Southern District of West Virgina under 28 U.S.C. § 1391 because it is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL BACKGROUND

6. MVP restates and incorporates the allegations above as if fully set forth herein.

7. MVP is engaged in, among other things, the construction and operation of natural gas pipelines, including a natural gas pipeline to be used for interstate commerce (the "Project") being constructed through Summers County, West Virginia.

8. The construction and operation of interstate pipelines is subject to the jurisdiction and regulation of the Federal Energy Regulatory Commission ("FERC") pursuant to authority granted by the Natural Gas Act. 15 U.S.C. § 717o (2018).

9. MVP applied for and was granted authorization for the construction of the Project pursuant to the Certificate and/or Order. 161 FERC P 61043 (F.E.R.C.), 2017 WL 4925425.

10. Pursuant to the Fiscal Responsibility Act of 2023 and subsequent federal regulatory and administrative orders, MVP has obtained all necessary permits and authorizations to proceed with construction of the Project. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

11. Through voluntary agreements with property owners, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property").

12. Defendant is opposed to the Project and has collaborated, combined, and agreed to work to delay or stop the project by unlawful means.

13. Specifically, Defendant unlawfully obstructed access to the Subject Property by physically blocking the roadway to prevent MVP's operation and delay work.

**COUNT ONE: PRELIMINARY INJUNCTION**

14. MVP restates and incorporates the allegations above as if fully set forth herein.

15. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008).

16. As further set forth herein, MVP is likely to succeed on the merits of this action.

17. MVP will be irreparably harmed in the absence of preliminary relief by being forced to halt the Project.

18. Defendant, on the other hand, is a trespasser and has no legal right to be on the Subject Property or interfere with the Project. The Defendant's presence on the Subject Property also presents a safety risk to the Defendant and to the employees and contractors working on the Subject Property. The Defendant will not be harmed in any way by the grant of a preliminary injunction.

19. Finally, as outlined in the Fiscal Responsibility Act of 2023, not only is the Project generally in the public interest, but there is also a particular importance in its speedy completion. Fiscal Responsibility Act of 2023, Pub. L. No. 118-5, H.R. 3746, § 324(b) (2023).

20. Without a preliminary injunction, MVP will be irreparably harmed in a way that is not correctable with monetary damages. In addition, Defendant has created a safety hazard to themself and the public through their presence near the Project's construction.

21. The balance of the equities is in MVP's favor. Defendant's actions and their failure to vacate the Subject Property could cause substantial damage to MVP.

22. Finally, an injunction is in the public interest as declared by FERC, the Congress of the United States, and the State of West Virginia.

23. A preliminary injunction is therefore necessary to preserve the status quo pending resolution of this action.

**COUNT TWO: PERMANENT INJUNCTION**

24. MVP restates and incorporates the allegations above as if fully set forth herein.

25. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014).

26. The allegations set forth above also establish the factors set forth in *eBay, Inc. v. MercExchange, L.L.C.* for permanent injunctive relief.

**COUNT THREE: TORTIOUS INTERFERENCE**

27. MVP restates and incorporates the allegations above as if fully set forth herein.

28. To establish a claim for tortious interference, "a plaintiff must prove: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Torbett v. Wheeling Dollar Sav. & Trust Co.*, 173 W. Va. 210, 314 S.E.2d 166 (1983).

29. MVP has a contractual and business expectancy for the construction of the Project.

30. Despite knowledge of MVP's business expectancy, Defendant, by her own admission, intentionally and knowingly interfered with MVP's ability to construct the Project.

31. Defendant refused to vacate the Subject Property voluntarily and had to be removed by the West Virginia State Police causing delays to the Project.

32. As such, Defendant has caused damage to MVP in salaries, wages, and other expenses incurred through delay of the project in the amount of at least $45,629.50.

**COUNT FOUR: VIOLATION OF W. VA. CODE § 61-10-34**

33. MVP restates and incorporates the allegations above as if fully set forth herein.

34. The Critical Infrastructure Protection Act (the "Act") provides that "[a]ny person who willfully and knowingly trespasses or enters property containing a critical infrastructure facility without permission by the owner of the property or lawful occupant thereof is guilty of a misdemeanor" W. VA. CODE § 61-10-34(c)(1).

35. The Act further states that "[a]ny person who conspires with any person to commit the offense of trespass against a critical infrastructure facility . . . and the trespass actually occurs is guilty of a misdemeanor and, upon conviction thereof, shall be fined in an amount of not less than $2,500 not more than $10,000." W. Va. Code § 61-10-34(c)(3).

36. Further, "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any damages to personal or real property while trespassing . . . ." W. VA. CODE § 61-10-34(d)(1).

37. Under the Act, critical infrastructure includes any "natural gas transmission facility[.]" W. VA. CODE § 61-10-34(b)(14).

38. Defendant has unlawfully entered and occupied the Subject Property and interfered with the Project without permission from MVP.

39. Defendant violated the Critical Infrastructure Protection Act and proximately caused damage to MVP.

**COUNT FIVE: CIVIL CONSPIRACY**

40. MVP restates and incorporates the allegations above as if fully set forth herein.

41. "A civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

42. Defendant conspired and acted in concert with other persons and/or organizations in an attempt to prevent MVP from lawful use of its property. The Defendant has admitted that she committed the acts knowingly, unlawfully, and with the intent to interfere with the Project. *See* Exhibit A, blog post by Melinda Ann Tuhus; Facebook Posts by *Appalachians Against*

*Pipelines* (identifying each as members of the "Rocking Chair Rebellion" and supplying quotes from each).

43. Defendant has, through unlawful acts, interfered with MVP's property rights and easements.

**COUNT SIX: PUNITIVE DAMAGES**

44. MVP restates and incorporates the allegations above as if fully set forth herein.

45. Defendant intentionally and knowingly trespassed and unlawfully interfered with the Project with the intent to cause harm to MVP and to delay its construction of the Project.

46. The Defendant's willful, wanton, and intentional acts with the intent to harm MVP entitles MVP to an award of punitive and exemplary damages against Defendant.

47. MVP further seeks punitive damages in compliance W. VA. CODE § 55-7-29 in excess of the jurisdictional amount in controversy.

**WHEREFORE**, for the foregoing reasons, MVP hereby complains, petitions, and requests the entry of an immediate order 1) enjoining Defendant from entering upon the Subject Property or performing any activities that may interfere with or obstruct MVP's use and construction on or through the Subject Property; (2) from engaging in any act that would interfere with MVP's safe construction, operation, and/or maintenance of the Project including, but not limited to, attempting to block access any of MVP's equipment or facilities in Summers County; (3) from obstructing in any way MVP's ability to conduct its business; (4) from conspiring with others, inciting, encouraging and/or assisting others from engaging in any act or activity from which they are prohibited; (5) imposing judgment against the Defendant in an amount that will compensate MVP for damages incurred by Defendant's conduct, including pre- and post-judgment interest, and an

award of punitive damages; and (6) such other and further relief as the Court may deem appropriate. **MVP DEMANDS A JURY TRIAL.**

**MOUNTAIN VALLEY PIPELINE, LLC**

**By Counsel**

/s/ *Timothy M. Miller*
Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com