UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.                                                                                                CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR ABSTENTION

In support of their Motion for Abstention, Defendants Melinda Ann Tuhus and Rose Zheng Abramoff respectfully direct this Court's attention to the following points and authorities.

1. STATEMENT OF FACTS

    A. State Criminal Proceedings Allege Actions Identical to Federal Diversity Suit

On September 7, 2023, these Defendants and their alleged co-conspirators were arrested in Summers County, West Virginia in connection with the same allegations which underly Plaintiffs Complaint, broadly, allegations that Defendants, in league with others, had trespassed and disrupted the ongoing construction of the Mountain Valley Pipeline (MVP), which has been the subject of numerous prior protests and repeated litigation in state and federal courts.

Specifically, a misdemeanor criminal complaint filed in the Magistrate Court of Summers County, Case No. 23-M45m-00534 (**EXHIBIT "B"**) against Defendant Rose Zheng Abramoff alleges that Defendant Abramoff violated W.Va. Code §§61-10-34(c), 61-3-30 and 61-5-17(c), by trespassing on an MVP right of way, attaching herself to an item of construction equipment, and declining to comply with instructions from law enforcement officials to terminate her actions.

Similarly, a misdemeanor criminal complaint filed in the Magistrate Court of Summers County, Case No. 23-M45m-00533 (**EXHIBIT "C"**) against Defendant Melinda Ann Tuhus alleges that Defendant TUHUS violated W.Va. Code §§61-10-34, 61-38-2(a) and 61-5-17(c), by trespassing on an MVP right of way, blocking a roadway, and declining to comply with

instructions from law enforcement officials to terminate her actions.

Virtually identical criminal complaints were filed against four alleged co-conspirators of Defendants; neither Defendant Abramoff, Defendant Tuhus nor any of their alleged co-conspirators are charged with any act of violence.

Defendants Abramoff and Tuhus, and their alleged co-conspirators, were all released pre-trial pursuant to release orders (**EXHIBITS "D" and "E"**) which subject them to immediate incarceration for any future violations of law as follows:

> If admitted to bail, the defendant understands and agrees….6. not to violate any state or federal laws ... and that, if he or she … does not fulfill the terms and conditions above … that other penalties for violation … may be imposed."

**EXHIBITS "D"** and **"E"** at p. 1.

B. <u>Plaintiff's September 15 Civil Complaint Mirrors Its September 19 Diversity Suit</u>

On September 15, eight days after Defendants' September 7 arrest, Plaintiff MVP filed a Complaint (**EXHIBIT "A"**) against Defendants' alleged co-conspirators in the Circuit Court of Summers County, West Virginia, alleging that those co-conspirators had engaged in the same violations of MVP's rights and property which are alleged against these Defendants in the federal civil action filed on September 19, 2023, and seeking the same legal and equitable relief.

To be sure, Plaintiff's September 15, 2023 civil complaint filed by MVP in the Circuit Court of Summers County, recites the history of Plaintiff's organization, authorization and construction of the MVP pipeline (¶¶ 1 to 7); these paragraphs are copies near verbatim in ¶¶ 1, 7-11 of the diversity complaints.

Similarly, Plaintiff's September 15, 2023 civil complaint filed by MVP in the Circuit Court of Summers County, in ¶¶ 7 and 11 charges that Defendants' alleged co-conspirators have opposed the MVP pipeline and combined with others to obstruct its construction; in ¶¶ 12 – 13 of the September 19 diversity complaints in this proceeding, Plaintiff MVP charges that Defendants' alleged co-conspirators have opposed the MVP pipeline and combined with others to obstruct its construction.

The causes of action in the September 15 civil complaint filed in Summers County, Plaintiffs resume the virtual mirror image pleading:

- Summers Complaint titled COUNT ONE: PRELIMINARY INJUNCTION ¶¶ 12-21 is identical in all material parts to the diversity complaint in this proceeding which in ¶¶14-23 recite COUNT ONE: PRELIMINARY INJUNCTION at ¶¶ 14-23.

- Summers Complaint titled COUNT TWO: PERMANENT INJUNCTION ¶¶ 22-25 is identical in all material parts to the diversity complaint in this proceeding which in ¶¶24-26 recite COUNT TWO: PERMANENT INJUNCTION.

- Summers Complaint titled COUNT THREE: PERMANENT INJUNCTION ¶¶ 26-31 is identical in all material parts to the Tuhus complaint which in ¶¶27-32 recites COUNT THREE: TORTIOUS INTERFERENC, and to the Abramoff complaint which in ¶¶33-38 recites COUNT FOUR: TORTIOUS INTERFERENCE. [1]

- Summers Complaint titled COUNT FOUR: VIOLATION OF W.VA. CODE 61-10-34 ¶¶ 32-38 is identical in all material parts to the Tuhus complaint which in ¶¶33-39 recites COUNT FOUR: VIOLATION OF W.VA. CODE 61-10-34 and to the Abramoff complaint which in ¶¶ 39-45 recites COUNT SIX: VIOLATION OF W.VA. CODE 61-10-34.

- Summers Complaint titled COUNT FIVE: CONSPIRACY ¶¶ 39-42 is identical in all material parts to the Tuhus complaint which in ¶¶40-43 recites COUNT FIVE: CONSPIRACY and to the Abramoff complaint which in ¶¶46-49 recites COUNT SIX: CIVIL CONSPIRACY.

- Summers Complaint titled COUNT SIX: PUNITIVE DAMAGES ¶¶ 43-46 is identical in all material parts to the Tuhus complaint which in ¶¶44-47 recites COUNT SIX: CONSPIREACY, and to the Abramoff complaint which in ¶¶50-53 recites COUNT SEVEN: PUNITIVE DAMAGES.

- The requests for relief in both complaints are, like the rest of the complaints, virtual carbon copies.

By any standard, Plaintiff's September 15 Summers County civil complaint and the Plaintiff's September 19 diversity complaint in this proceeding are the exact same lawsuits,

---

[1] Defendant Abramoff's complaint included a single additional count of trespassing - Count Three, ¶¶ 27-32.

the only differences being the identity of the defendants and the court in which the complaints are filed.

2. APPLICABLE LAW OF ABSTENTION

The United States Court of Appeals for the Fourth Circuit has noted that the long-standing policy disfavoring federal interference with state court proceedings "antedates the Constitution," *Lynch v. Snepp*, 472 F.2d 769 (4th Cir. 1973) (citing Goebel, Antecedents and Beginnings to 1801, History of the Supreme Court of the United States, 226,299 (Freund ed. 1971)).

In *Lynch*, the Fourth Circuit was confronted with competing injunctions, the first in the North Carolina state court system, and the second in the federal court of North Carolina. The Court while noting that federal courts had statutory authority in that case to enjoin the state proceeding (itself an injunction), nonetheless concluded that federal intervention would be inappropriate. Critically, the Fourth Circuit here recognized the longstanding principle that "ordinarily the jurisdiction of a state court first obtained should not be interfered with by federal courts." 472 F.2d 772 (internal citations omitted).

Thus, in *Lynch* the Fourth Circuit reversed the federal court's injunction of the state court proceeding, finding that no irreparable injury had been alleged and no indication that the plaintiffs' rights would not be protected in the state proceeding. 472. F.2d at 776

The Fourth Circuit reiterated its adherence to the doctrine of abstention in *Laurel Sand and Gravel v Wilson*, 519 F.3d 156 (4th Cir. 2008), holding that the abstention doctrine required a federal court of abstain from interference with an earlier-filed state proceeding:

> [E]ven if jurisdiction exists if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal suit.

Id. at 165.

3. ARGUMENT

Plainly, both the state civil and criminal proceedings – which allege violations of the state's recently enacted Critical Infrastructure Protection Act – address matters involving substantial state interests. Those same criminal proceedings which provide for incarceration if Defendants violate federal or state law while on pre-trial release, offer as much in the way of prospective protection as any federal injunction. And Plaintiff can hardly be heard to claim that the state civil proceeding will not provide an opportunity for it to advance its interests; after all, Plaintiff filed the action in state court.

The "general notions of comity, equity, and federalism, applied since the early days of our union of states" and which "occupy a highly important place in our history and our future" strongly militate towards dismissal of this duplicative federal action. See Lynch, 472. F.2d at 773. Notably, if this court were to entertain MVP's efforts to pursue simultaneous and duplicative litigation of this case in both state and federal forums, the matter would proceed without the benefit of a single published West Virginia state court opinion interpreting §61-10-34.

Dismissal without prejudice would appropriately allow West Virginia state courts to interpret West Virginia's newly-enacted Critical Infrastructure Protection Act in the first instance, rather than threatening West Virginia's sovereign interest in interpreting its own laws by setting state and federal applications of §61-10-34 on a potential collision course in twin proceedings – an approach that serves no compelling interest.

Further, there is little to explain the Plaintiff's decision to file a federal diversity suit simultaneously with a state civil action raising identical claims on identical facts, and seeking identical relief. Plainly, no concern is shown for efficiency to the fully engaged federal judiciary

Moreover, there is at least a reasonable inference to be drawn that forum shopping was a factor in Plaintiff's decision, a practice highly disfavored in the federal and state judiciary:

> To begin with, any exception [from abstention] for cases where the same party is plaintiff in both actions would entail the danger that plaintiffs may engage in forum shopping or, more accurately, judge shopping.

*Semmes Motors, Inc. v Ford Motor Company*, 429 F.2d 1197, 1203 (2d Cir. 1970)

In the present matter, the sitting Circuit Judge in Summers County previouslu enjoined temporarily the construction of the MVP pipeline in a decision upheld by the West Virginia Supreme Court of Appeals. *Mountain Valley Pipeline, LLC v. McCurdy*, 238 W.Va. 200, 793 S.E.2d 850 (W.Va. 2016). After the McCurdy decision, the West Virginia legislature amended the definition of "utility" to permit MVP to go forward with its action, a matter echoed by well-publicized, recent federal legislative action transferring federal appellate review of MVP permitting issues to the D.C. Circuit, and away from the Fourth Circuit, which had entered decisions adverse to MVP. It is sometimes hard not to take advantage of whatever opportunities one might gain by gaming the system.

Finally, it is worth observing that the Plaintiff's Complaint apparently fails to invoke this Court's jurisdiction adequately. Plaintiff has alleged merely that "*the action <u>seeks damages in excess of $75,000.00</u>*". Complaint at ¶3, p. 2. Of course, 28 U.S.C. §1332(a) fixes diversity jurisdiction to an allegation that that "the matter in controversy exceeds the sum or value of $75,000, ***<u>exclusive of interest and costs…</u>***"

Universally, federal courts have held that the plaintiff bears the burden of proof to establish jurisdiction under 28 U.S.C. §1332:

> A plaintiff invoking diversity jurisdiction bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. See Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016)...

*Berkery v. Metro. Life Ins. Co*., 21-1165 (3rd Cir. Aug 31, 2022).

Although Plaintiff's may be able to cure this defect by amendment, which Rule 15 liberally allows, they can't change the timeline of this case: the September 7 and 15 state actions will always antedate Plaintiff's September 19 federal action.

**WHEREFORE**, Defendants respectfully request this Court exercise its discretion to dismiss the present action as a matter of abstention and require Plaintiff's to proceed with their earlier-filed state civil action, which presents no barrier to personal jurisdiction over the present parties, and which would enable the parties to fully, fairly, and efficiently litigate novel questions of West Virginia state law in the most appropriate forum: West Virginia state court.

                                                                 Respectfully submitted,

                                                                 **MELINDA ANN THUSUS**
                                                                 **ROSE ZHENG ABRAMOFF**

                                                                  By Counsel

/s/William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North, Suite 300
Lewisburg, WV 25901
Tel: 304-342-5588
Fax: 866-850-1501
william.depaulo@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,
    Plaintiff,

v.                                  CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 1st day of October, 2023, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

                                                  /s/William V. DePaulo
                                                  William V. DePaulo