**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

MOUNTAIN VALLEY PIPELINE, LLC,

Plaintiff,

v. CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

Defendants.

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR ABSTENTION**

In support of their Motion for Abstention, Defendants Melinda Ann Tuhus and Rose Zheng Abramoff respectfully reply to Plaintiff Mountain Valley Pipeline, LLC's ("MVP") response brief as follows.

## I. Introduction

In its response to Ms. Tuhus and Ms. Abramoff's Motion for Abstention, MVP conspicuously fails to acknowledge – let alone effectively rebut – the two critical points that are at the heart of the Defendants' motion. First, MVP ignores Defendants' argument that the pending case is substantively identical to the pending state court civil proceedings against Defendants' alleged co-conspirators (and state court criminal co-defendants), initiated by MVP on September 15, 2023.[1] Second, MVP ignores Defendants' argument that there is little to explain MVP's decision to file this wholly duplicative action – that is, other than the highly disfavored practice of forum shopping.

MVP does not acknowledge these arguments because it is incapable of effectively rebutting them. Under these circumstances, MVP's failure to respond should be deemed an admission that it is herein pursuing simultaneous, duplicative litigation for the purpose of forum

[1] Subsequent to the filing of Defendants' abstention motion, counsel became aware that on September 15, MVP initiated a separate state civil action against a fourth state court defendant (Martha Ann Zinn) that is substantially identical to the complaint against Abramoff. This complaint against Zinn is attached as Exhibit A.

shopping. *See*, *e.g.*, *Brevard v. Racing Corporation of West Virginia*,No. 2:19-CV-00578, 2020 WL 1860713, at *8 (S.D.W. Va. Apr. 13, 2020) (quoting *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018)) ("The failure to respond to arguments raised in a motion … can indicate that the non-moving party concedes the point[.]").

Unable to address the heart of Defendants' motion, MVP relies on two arguments which cannot carry the day. First, MVP argues that Defendants' motion is foreclosed by *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S. Ct. 1712 (1996) due to MVP's claim for damages. But on its own terms, *Quackenbush* did "not rule out * * * the possibility that a federal court might dismiss a suit for damages in a case where a serious affront to the interests of federalism could be averted in no other way." 517 U.S. at 733, 116 S. Ct. 1712 (Kennedy, J., concurring); *see also Sto Corp. v Lancaster Homes*, 11 Fed. Appx. 182, 189 (4th Cir. 2001) (internal quotations omitted) ("A federal court abstaining on *Colorado River* grounds should dismiss the case if the determinative issues will unfailingly be resolved within the parameters of the state-court litigation … as no further action by the district court is anticipated."). And even if *Quackenbush* had ruled out that possibility, this Court plainly retains authority to stay federal proceedings pending resolution of the parallel state court proceedings – which it can and should do here if it does not dismiss. *See*, *e.g.*, *Sto Corp.*, 11 Fed. Appx. at 189.

Second, MVP suggests that Defendants' motion cannot succeed because it does not "identify the type of abstention upon which they rely." *Response*, p. 13. Here, MVP's focus on form over substance misses the forest for the trees. *See Pennzoil Co v. Texaco, Inc.*, 481 U.S. 1, 11 n. 9, 107 S. Ct. 1519 (1987):

> The various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases. Rather, they reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial process.

While "abstention is the exception, not the rule[,]" *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236 (1976), the unique circumstances of this case are exceptional. MVP does not cite to a *single* case disapproving of

abstention when *identical* state law actions were initiated by the same plaintiff in both state and federal courts – likely because very few plaintiffs choose the bizarrely inefficient path that MVP walks here. The reality is that other than MVP's aversion to having the case heard in the Summers County Circuit Court[2], there is no plausible explanation for MVP's decision to simultaneously pursue separate, virtually identical state law actions in state and federal court against the alleged co-conspirators of a single purported conspiracy. Abstention here is warranted based on both the "obligations of comity, and respect for the appropriate balance between state and federal interests" that generally underlie abstention doctrine, *see Quackenbush*, 517 U.S. at 733-34, 116 S. Ct. 1712 (Kennedy, J., concurring) *and* the interests of "wise judicial administration" that may "permit[ ] the dismissal of a federal suit due to the presence of a concurrent state proceeding[.]" *See Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236.

"Lawyers may institute duplicative suits for any number of reasons, few of which tend to inspire judicial admiration." *Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 693 (7th Cir. 1985). At bottom, beyond rote formalism and an appeal for deference to its blatant forum shopping, MVP offers no reason for this Court to retain jurisdiction over this matter. There are ample reasons to abstain, and this court should do so.

[2] Notably, in similar litigation in the Commonwealth of Virginia, MVP has elected to pursue all claims against twenty-one separate defendants in Virginia state court, rather than seeking federal jurisdiction over those defendants for whom diversity could be established. *See generally Mountain Valley Pipeline, LLC v. Moore, et al.*, Montgomery County Circuit Court No. CL23001242-00.

## II. **The *Colorado River/Moses H. Cone* factors strongly warrant abstention from this duplicative litigation.**[3]

At the outset, although MVP complains that Defendants did not "state what form of abstention upon which they rely," *Response*, p. 4, Defendants repeatedly and explicitly invoked the duplicative nature of the federal and state proceedings as a basis for abstention. *See Memorandum of Law in Support of Defendants' Motion for Abstention*, pp. 3-4 (pointing out that the state and federal complaints "are the exact same lawsuits"); *id.*, p. 5 ("Plaintiff can hardly be heard to claim that the state civil proceeding will not provide an opportunity for it to advance its interests; after all, Plaintiff filed the action in state court."); *id.* (urging "dismissal of this duplicative federal action" and pointing to the consequence of "MVP's efforts to pursue simultaneous and duplicative litigation of this case in both state and federal forums"); *id.* ("There is little to explain the Plaintiff's decision to file a federal diversity suit simultaneously with a state civil action raising identical claims on identical facts, and seeking identical relief. Plainly, no concern is shown for efficiency to the fully engaged federal judiciary."). Similarly, Defendants repeatedly and explicitly invoked West Virginia's sovereign interest in interpreting W. Va. Code § 61-10-34 in the first instance as another (related) basis for abstention. *See Memorandum of Law in Support of Defendants' Motion for Abstention*, p. 5; p. 8.

In determining whether to abstain from exercising jurisdiction over a duplicative federal action, this Court must "first determine whether the federal and state actions are parallel" and

---

[3] While Defendants focus primarily on the *Colorado River/Moses H. Cone* abstention factors in this pleading, some considerations herein are closely interrelated to the *Burford* principle that "[c]ourts should abstain from deciding cases presenting 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the results in the case at bar[.]'". *See First Penn-Pacific Life Ins. Co. v. Evans*, 304 F.3d 345, 348 (4th Cir. 2002) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361, 109 S. Ct. 2506 (1989)). Although *Burford* principles independently warrant abstention, because the "various types of abstention are not rigid pigeonholes" but instead reflect a "complex of considerations[,]" *see Pennzoil Co.*, 481 U.S. at 11 n. 9, 107 S. Ct. 1519, and because the *Burford* question is so closely interrelated to Defendants' discussion of *Colorado River/Moses H. Cone* factors three and five, counsel will discuss *Burford* in this section rather than separately to avoid repetition and to facilitate this Court's "holistic" balancing of the *Colorado River/Moses H. Cone* factors. *See vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017).

then, if it so finds, holistically apply the factors identified in *Colorado River* and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 15-16, 23, 103 S. Ct. 927 (1983) to determine whether "exceptional circumstances" exist warranting abstention. *See*, *e.g.*, *vonRosenberg*, 849 F.3d at 167-68; *New Beckley Min. Corp. v. UMWA*, 946 F.2d 1072, 1073-74 (4th Cir. 1991). Abstention under *Colorado River* and *Moses H. Cone* "may be considered only when 'the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005) (quoting *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 927).

A. *MVP's pending state and federal actions are parallel.*

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley*, 946 F.2d at 1073. Here, MVP has not contested, nor could it reasonably contest, that the pending case is substantively identical to the pending state court civil proceeding against Defendants' alleged co-conspirators. *See Memorandum of Law in Support of Defendants' Motion for Abstention*, I(B), pp. 2-4.[4] It is clear that the pending state and federal proceedings at issue here involve the exact same issues.

Suits can be parallel even when "the parties are not exactly the same in the two courts." *See Sto Corp.*, 11 Fed. Appx. at 187. Rather, "the parties only need to be substantially the same for the *Colorado River* abstention doctrine to apply." *Id.*; *see also Chase Brexton Health Servs., Inc.*, 411 F.3d at 464 (recognizing that even in *Colorado River*, the parties were not identical). Here, the parties are substantially the same: MVP is on one side, and various alleged co-conspirators (and criminal co-defendants) of a single purported conspiracy – who are alleged to

[4] While Defendants previously noted that Abramoff's complaint initially included a single count of Trespass not alleged in the state court proceedings, subsequent to the filing of Defendants' abstention motion, counsel became aware that on September 15, MVP initiated a separate state civil action against a fourth state court defendant (Martha Ann Zinn) that is substantially identical to the complaint against Abramoff. The complaint against Zinn includes a Trespass count and is attached as Exhibit A.

have jointly committed identical acts at the same time in furtherance of the alleged conspiracy – are on the other. *See id.* Unlike in *Chase Brexton*, where there were different plaintiffs in the state and federal proceedings, abstention here would not deprive MVP – or any party – an opportunity to fully and fairly litigate their claims. *See id.*

Tellingly, in its response, MVP argues that there is "no parallel state court proceeding by MVP against *these Defendants*[.]" *Response*, pp. 4 (emphasis added); *see also id.*, p. 5 ("There is no parallel state civil action against *these Defendants*.") (emphasis added); *id.*, p. 6 ("[T]here are no parallel state court civil proceedings pending against *these two Defendants.*") (emphasis added). What MVP leaves unsaid is what is so obvious that it hardly need to be said at all: while state court proceedings against Ms. Tuhus and Ms. Abrahoff's criminal co-defendants (and alleged criminal and civil co-conspirators) involve different named defendants, they are *parallel* to these federal proceedings – in any meaningful sense of the term.

B. *Exceptional circumstances warranting abstention are present in this case.*

When there are parallel federal and state proceedings, courts must then "holistically" weigh the following factors to determine if abstention is appropriate:

> (1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

*vonRosenberg v. Lawrence*, 849 F.3d at 168 (citing *Chase Brexton Health Servs.*, 411 F.3d at 463-64). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 937. However, "a decision to abstain does not require the presence of all of the factors." *Sto Corp.*, 11 Fed. Appx. at 187; *see also Massey Energy Co. v. Am. Int'l Specialty Lines Ins. Co.*, No. 2:09-CV-00029, 2009 WL 1034243

(S.D.W. Va. Apr. 16, 2009). Rather, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 937.

Here, five of the factors favor abstention – some very strongly so. The six factors are discussed in detail below.

*The first factor – "whether the subject matter of the litigation involves property where the first court may assume* in rem *jurisdiction to the exclusion of others*" – does not weigh in favor of jurisdiction. This is not dispositive. *See Sto Corp.*, 11 Fed. Appx. at 187 (recognizing that "not all of the factors favoring abstention are present" and that the "case does not involve property" but nonetheless finding abstention appropriate); *Massey Energy Co*, No. 2:09-CV-00029, 2009 WL 1034243, at *8-9 (finding that the "first factor weighs against abstention because there is no tangible property involved" but nonetheless finding abstention appropriate).

*The second factor* – "*whether the federal forum is an inconvenient one* – favors abstention. While the federal court in Beckley is not *per se* an especially inconvenient forum, it is marginally inconvenient in comparison to the Summers County Circuit Court given that the allegations against Defendants in this proceeding, as well as the state court defendants, all arise out of an incident in Summers County. Further, it will be inconvenient for both parties to participate in duplicative, piecemeal litigation in the federal forum on top of the state court. *See LaDuke v. Burlington Northern R. Co.*, 879 F.2d 1556, 1560 (7th Cir. 1989) ("Simultaneous litigation in [multiple locations] would certainly inconvenience both parties."). While Tuhus and Abramoff are not currently parties to the state court litigation and will not be unless and until they are impleaded, they will inevitably be dragged into the state court litigation as witnesses – in fact, MVP invokes Tuhus directly in both state complaints. *See* Exhibit A, ¶ 45; Exhibit A to *Memorandum of Law in Support of Defendants' Motion for Abstention*, ¶ 41. Likewise, the state court defendants will inevitably be dragged into this litigation as witnesses. Moreover, even if this Court finds this factor does not favor abstention, nor does it weigh heavily against

abstention. *See Sto Corp.*, 11 Fed. Appx. at 187 (recognizing that "not all of the factors favoring abstention are present" and that "the federal court is just as convenient for the parties as the state court" but nonetheless finding abstention appropriate).

*The third factor* – "*the desirability of avoiding piecemeal litigation*" – weighs heavily in favor of abstention. MVP proposes to proceed with simultaneous, piecemeal litigation against two sets of purported co-conspirators for the same purported actions, based on the same causes of actions, but in two different courts. This would lead to parallel tracks of motions practice, discovery and discovery-related litigation, and ultimately, trial in the state and federal court systems, and pose a risk of inconsistent or even contradictory dispositions – for no good reason. This would be both inefficient and unfair. *See Holmes v. Chicago Transit Authority*, 505 F. Supp. 877, 879 (N.D. Ill. 1981) ("To permit plaintiff to duplicate in this court all discovery, pre-trial motions and trial efforts made in the state court would be to approbate inefficient use of scarce judicial resources, and would result in considerable unfairness to defendants[.]"); *Massey Energy Co.*, No. 2:09-CV-00029, 2009 WL 1034243, at *8 ("[T]he issues in the [West Virginia state court action] and those in this case are not pieces of a larger litigation, but are nearly identical. To allow both cases to continue would be extremely inefficient."); *LaDuke*, 879 F.2d at 1560 ("[T]he result of simultaneous litigation of identical issues in the state and federal courts may be both 'unseemly' and a 'grand waste' of the efforts of the parties and the courts.").

While the threat of inconsistency and inefficiency does not *per se* warrant abstention, *see Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737 (4th Cir. 2002), "[a]s the federal case stands now, the absence of [parties]" will "result in piecemeal litigation" – which "lends some support for federal court abstention." *See Sto Corp.*, 11 Fed. Appx. at 188. Further discussion of W. Va. Code § 61-10-34, as it relates to both the issue of piecemeal litigation, as well as the fifth factor (whether state law or federal law provides the rule of decision on the merits), and the principles set forth in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S. Ct. 1098 (1943), is warranted here.

MVP seeks to downplay West Virginia's sovereign interest in interpreting W. Va. Code § 61-10-34, a recently-enacted statute that has never before been interpreted by West Virginia state courts in a published opinion, breezily asserting that "there is no interpretation of the Code that is required." *Response*, p. 6. This is not so, and this Court should be very skeptical of MVP's hasty and bold assertion that § 61-10-34 requires no interpretation – as the following ambiguities illustrate (and there are undoubtedly more). First, it is unclear exactly how MVP is construing § 61-10-34 to support its claim for damages here: § 61-10-34(d) provides a cause of action for "any damages to personal or real property while trespassing" – and yet MVP's complaints allege interference with its property rights, but no damage to any personal or real property. Second, it is unclear whether § 61-10-34 can be properly applied to defendants Tuhus and Abramoff at all, as its provisions "do not apply to * * * any person * * * attentive to compliance with public * * * safety laws" or "[t]he right to free speech or assembly, including, but not limited to, protesting and picketing." § 61-10-34(e)(1)-(2). MVP will undoubtedly argue that the exemptions listed in subsection (e) are inapplicable to Tuhus and Abramoff, but it is the West Virginia court system's interpretation of § 61-10-34 that counts. To put it bluntly, MVP's suggestion that it is the authoritative interpretative body on the meaning of § 61-10-34, and that there is no need for this Court to hear anything the West Virginia courts have to say on the subject, is arrogant and short-sighted. This Court should not indulge this blatant disrespect for the important sovereign role of the state judiciary.

The novel issues presented by MVP's invocation of § 61-10-34 warrant abstention because if this Court does not abstain, it will be unable to simultaneously avoid piecemeal litigation and adequately respect West Virginia's sovereign interest in interpreting its own laws. While MVP correctly notes that the presence of state law questions does not in and of itself warrant abstention, the presence of novel state law issues – and there are in fact novel state law issues at play here – is a factor weighing towards abstention. *See Sto Corp.*, 11 Fed. Appx. at 188. Deference to West Virginia on the meaning of the never-previously-interpreted § 61-10-34

serves the interests of comity and shows "respect for the appropriate balance between state and federal interests[.]" *See Quackenbush*, 517 U.S. at 733-34, 116 S. Ct. 1712 (Kennedy, J., concurring). Given the "sparsity of governing state law" interpreting § 61-10-34, *see Shears v. Ethicon, Inc.*, 64 F.4th 556 (4th Cir. 2023), were this matter to proceed in federal court, it would be appropriate for this Court to certify dispositive questions regarding the meaning of § 61-10-34 to the West Virginia Supreme Court of Appeals. *See*, *e.g.*, *Schoene v. McElroy Coal Company*, 705 Fed. Appx. 145, 149 (4th Cir. 2017) (certification is appropriate when federal court is confronted with "novel question" of West Virginia state law); *Bragg v. U.S.*, 488 Fed. Appx. 672, 676 (4th Cir. 2012) (certifying state law question in the absence of "clear controlling West Virginia precedent" and "recogniz[ing] the importance of allowing the West Virginia Supreme Court of Appeals to decide questions of state law and policy"); *State Auto Property and Cas. Ins. Co. v. Eastern Data Systems Inc.*, 587 F.3d 226 (4th Cir. 2009) (certifying question of statutory interpretation in the absence of any controlling authority). Further, as the West Virginia Constitution can be interpreted to provide greater rights than the federal constitution – and Article III, Section 7 of the West Virginia Constitution has been previously interpreted to provide greater protections in the speech and associational context – § 61-10-34(e)(2)'s invocation of the "right to free speech and assembly" raises state constitutional issues best suited for West Virginia state courts. *See Pushinsky v. W. Virginia Bd. Of L. Examiners*, 164 W. Va. 736, 744-45, 266 S.E.2d 444 (1980) ("[T]he West Virginia Constitution offers limitations on the power of the state to inquire into lawful associations and speech more stringent than those imposed on the states by the Constitution of the United States."); *cf. Gannett*, 286 F.3d at 745 ("There is no reason the state court is better suited to resolve the contract dispute between Clark and Gannett than is the federal court.").

Absent abstention, this Court faces a catch-22. It can either usurp the role of West Virginia state courts by addressing "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case [ ] at bar" – which

would independently warrant abstention under the *Burford* principles. *See First Penn-Pacific Life Ins. Co. v. Evans*, 304 F.3d 348, 348 (4th Cir. 2008). Or, it can certify dispositive questions regarding § 61-10-34 to the West Virginia Supreme Court of Appeals – which would facilitate inefficiency and piecemeal litigation substantially beyond that inherent in parallel litigation.

Finally, when it comes to the desirability of avoiding piecemeal litigation, it is worth noting that there are other values and considerations at play beyond judicial economy and respect for state sovereignty. *See LaDuke*, 879 F.2d at 1560 (quoting *Lumen Construction, Inc.*., 780 F.2d at 694:

> [J]udicial economy is not the only value that is placed in jeopardy [by parallel litigation]. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants are also endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

*The fourth factor* – "*the relevant order in which the courts obtained jurisdiction and the progress achieved in each action*" – weighs in favor of abstention. Given the relative closeness-in-time of the filings, this may not be an especially weighty or important factor here. But nonetheless, MVP chose to vest the state court with jurisdiction prior to filing a parallel federal case, and the parties in the state court case have already answered and filed a counterclaim.

*The fifth factor – "whether state law or federal law provides the rule of decision on the merits"* – weighs heavily in favor of abstention. MVP brings only state law claims. *See Massey Energy Co.*, No. 2:09-CV-00029, 2009 WL 1034243, at *9; *cf. New Beckley*, 946 F.2d at 1074 (holding abstention inappropriate when federal law provided rule of decision on the merits of RICO claim). As detailed in discussion of the third factor above, one of MVP's state law claims involves a novel application of a recently-enacted state statute – one which also implicates questions of West Virginia state constitutional law – regarding which West Virginia courts retain a sovereign interest in applying and interpreting in the first instance. These circumstances weigh especially heavily in favor of abstention.

*The sixth factor – "the adequacy of the state proceeding to protect the parties' rights"* – weighs in favor of abstention. MVP has brought no claim here that it has not also brought in state court, and it seeks no form of relief here that it has not also sought in state court. *Cf. New Beckley*, 946 F.2d at 1074 (finding abstention inappropriate where "the issues raised and remedies sought are not" identical). While MVP may prefer to avoid the Summers County Circuit Court to the extent this Court permits it do so, it has not – and cannot – credibly claim that the parallel state court proceedings are inadequate to protect its rights. Counsel reiterates that he will voluntarily accept service on behalf of Defendants Tuhus and Abramoff should this Court order the instant proceedings to be dismissed, or should MVP agree to a dismissal without prejudice so that the matter may efficiently proceed in state court.

Following a holistic analysis of the *Colorado River* factors, Defendants respectfully requests that this Court render a decision substantially similar to that of the Honorable Joseph R. Goodwin in *Massey Energy Co. See* No. 2:09-CV-00029, 2009 WL 1034243, at *9:

> [F]ive of the relevant factors weigh towards abstention in this case and allowing the first filed [West Virginia state court action] to move forward to determine these issues. The only reason not to abstain in this case [is] * * * the fact that there is no property involved in this case. * * * [T]he lack of property involved is not enough to make abstention inappropriate. * * * Accordingly, there is no reason for this court to retain jurisdiction concurrently with the [West] Virginia state court and, in fact, the factors compel me to abstain under these exceptional circumstances. Although federal courts should not abstain often, I FIND that this is one of those rare times where abstention is the proper course due to the exceptional circumstances at hand.

## III. ***Quackenbush* does not bar dismissal here, but if it does, a stay is appropriate.**

A. Quackenbush *does not bar dismissal here.*

While MVP asserts that *Quackenbush* precludes dismissal on abstention grounds, the Fourth Circuit has said otherwise in at least one post-*Quackenbush* opinion in a damages action. *See Sto Corp.*, 11 Fed. Appx. at 189 (internal quotations omitted) ("A federal court abstaining on *Colorado River* grounds should dismiss the case if the determinative issues will unfailingly be resolved within the parameters of the state-court litigation[.]"). Further, Justice Kennedy, who

joined the *Quackenbush* majority, concurred to opine that the Court "ought not rule out * * * the possibility that a federal court might dismiss a suit for damages in a case where a serious affront to the interests of federalism could be averted in no other way" but that it "need not reach that question here." 517 U.S. at 733, 116 S. Ct. 1712 (Kennedy, J., concurring). To be sure, Justice Scalia, writing for only himself, disagreed with Justice Kennedy's understanding that *Quackenbush* left open this possibility. *See id.* at 731-32 (Scalia, J., concurring). But regardless of whether this Court agrees with Justice Kennedy or Justice Scalia on this point, *Sto Corp.* makes clear that the Fourth Circuit has not ruled out such a possibility post-*Quackenbush*.

Under the *Sto Corp.* framework, if the Court here dismisses on the ground that the ongoing state court proceeding is the appropriate forum for claims against Tuhus and Abramoff to proceed, the determinative issues will unfailingly be resolved in that litigation: MVP claims nothing more, and asks for nothing more, here than in state court. Further, even if the *Sto Corp.* framework did not in and of itself warrant dismissal, this case presents the "serious affront to federalism" that Justice Kennedy contemplated in his concurrence. MVP is attempting to set state and federal courts on a potential collision course, in a case of naked forum shopping due to MVP's distaste for the state tribunal, and bringing West Virginia state law questions of first impression to the federal courts in the process – for no good reason. *Quackenbush* does not foreclose dismissal of damages claims on abstention grounds under these circumstances, and under *Sto Corp.*, dismissal is appropriate.[5]

[5] *Employers' Innovative Network, LLC v. Bridgeport Benefits, Inc.*, No. 5:18-CV-01082, 2019 WL 539075 (S.D. W. Va. Feb. 11, 2019), which MVP relies upon in its briefing, explicitly does not address motions regarding duplicative state and federal litigation. *See id.* at *5 n.3. *But see Beam v. Tatum*, 299 Fed. Appx. 243, 248 (4th Cir. 2008) (holding that stay of § 1983 damages claim rather than dismissal was appropriate in light of *Quackenbush*, albeit in the context of *Younger* abstention rather than abstention on the basis of *Colorado River*/duplicative litigation as in *Sto Corp.*); *Traverso v. Penn*, 874 F.2d 209, 213 (4th Cir. 1989) (citing *Suggs v. Brannon*, 904 F.2d 274, 280) (4th Cir. 1986)) (holding, again in the *Younger* rather than *Colorado River* context, that stay of § 1983 damages claim rather than dismissal was warranted).

B. *If this Court does not dismiss, a stay pending resolution of state court proceedings is appropriate.*

If the Court finds that dismissal is impermissible or undesirable, there is ample authority that this Court may stay proceedings pending resolution of the parallel litigation. *See Sto Corp v*, 11 Fed. Appx. 182; *Massey Energy*, No. 2:09-CV-00029, 2009 WL 10342; *Quackenbush*, 517 U.S. at 719-20, 116 S. Ct. 1712 (collecting authorities). A stay, if not outright dismissal, is appropriate here.

A stay would put the ball in MVP's court. In response, MVP could elect to dismiss the federal complaints and add Tuhus and Abramoff to the parallel state court proceedings – with no objection from the undersigned, who would accept service on his clients' behalf. Or, if MVP finds that course of action undesirable, MVP could conduct discovery in state court, and fully and fairly litigate numerous issues in state court that may be dispositive of (and will be at least instructive regarding) claims in the instant case. Following completion of state proceedings, MPV could then return to federal court with a streamlined remaining set of issues to litigate here, a completed discovery process under its belt which would narrow the scope of discovery necessary and the extent to which duplicative discovery processes which need to occur, and a set of state court rulings on novel questions of state court law upon which this Court can rely. Whatever course of action MVP would choose to elect, the bottom line is that a stay of these parallel federal proceedings would serve the interests of federalism, efficiency, and judicial economy. And to the extent changed circumstances would warrant reconsideration, MVP could approach this Court with a request to lift the stay at any time.

IV. **Conclusion**[6]

While abstention is not an ordinary remedy, this is not an ordinary case. For the foregoing reasons, this Court should exercise its discretion to dismiss the present action or, alternatively, stay all proceedings pending disposition of the parallel state court proceedings.

Respectfully submitted,

**MELINDA ANN THUSUS**
**ROSE ZHENG ABRAMOFF**

By Counsel

/s/William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North, Suite 300
Lewisburg, WV 25901
Tel: 304-342-5588
Fax: 866-850-1501
william.depaulo@gmail.com

[6] Defendants do not seek any ruling related to their previous observation that there may be jurisdictional deficiencies under 28 U.S.C. § 1332. *See Memorandum of Law in Support of Defendants' Motion for Abstention*, pp. 6-7. Although Defendants may raise this issue in future pleadings should this Court deny the motion for abstention, the potential jurisdictional issue was simply noted in Defendants' memorandum without a corresponding request for relief on that basis, and Defendants likewise do not request relief on that basis in the instant pleading.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

MOUNTAIN VALLEY PIPELINE, LLC,
Plaintiff,
v. CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 23rd day of October, 2023, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer **J.** Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

/s/William V. DePaulo
William V. DePaulo