UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.                                         CIVIL ACTION NO 5:23-cv-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

    Defendants.

## ORDER

The Court has reviewed the Report of the Parties' Planning Meeting filed pursuant to *Federal Rule of Civil Procedure* 26(f). The telephonic scheduling conference is **CANCELED**.

Pursuant to *Federal Rule of Civil Procedure* 16(b) and *Local Rule of Civil Procedure* 16.1(e), it is accordingly **ORDERED** that this case shall proceed as follows:

| Deadline | Date |
| --- | --- |
| Amending the pleadings or joining parties | 03/01/2024 |
| Last date to serve discovery requests | 06/17/2024 |
| Opening Rule 26 expert disclosures | 06/03/2024 |
| Responsive Rule 26 expert disclosures | 07/01/2024 |
| Rebuttal Rule 26 expert disclosure | 07/17/2024 |
| Discovery to close | 07/31/2024 |
| Dispositive motions deadline | 08/20/2024 |
| Response to dispositive motion | 09/03/2024 |
| Reply to response to dispositive motion | 09/10/2024 |
| Settlement meeting | 10/21/2024 |
| Motion in limine deadline | 10/28/2024 |
| Responses for motions in limine | 11/04/2024 |

| | |
|---|---|
| Proposed pretrial order to defendant | 10/25/2024 |
| Integrated pretrial order | 11/01/2024 |
| Pretrial conference | 11/14/2024 10:00 AM |
| Proposed jury charge | 12/02/2024 |
| Final settlement conference | 12/13/2024 10:00 AM |
| Civil Jury Trial | 12/17/2024 9:00 AM |

The amendment of any pleading and the joinder of any party is subject to Rules 15 and 16, and the accompanying rules governing the joinder of parties.

The last date to complete depositions shall be the "discovery completion date," by which all discovery shall be completed. The Court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions).

Regarding the settlement meeting, the parties and their lead trial Counsel, if any, shall meet and conduct negotiations looking toward the settlement of the action, and Counsel and any unrepresented parties will be prepared at the pretrial conference to certify that they have done so. Counsel for the Plaintiff(s) shall take the initiative in scheduling the settlement meeting, and all other counsel and unrepresented parties shall cooperate to effect such negotiations. Any mediation in the case must take place on or before the date of the settlement meeting. If the action is not settled during the settlement meeting or mediation session, and if there is no order or stipulation to the contrary, Counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the conclusion of the meeting or session.

Before filing motions in limine, Counsel are directed to first consult with one another to ascertain whether any controversy exists on the subject matter. Any resolution between Counsel should be reduced to writing and filed as a proposed stipulation for entry by the Court. The failure

to consult will result in the denial of the motion without prejudice to compliance with the consultation requirement.

The proposed integrated pretrial order, signed by all Counsel and unrepresented parties, shall set forth the matters listed in *Local Rule of Civil Procedure* 16.7(b).

At both the pretrial and final settlement conferences, lead trial Counsel shall appear fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present at the pretrial conference in person or immediately available by telephone. Those same individuals must be present in person at the final settlement conference. The failure to so appear will result in sanctions as further set forth within.

Regarding the proposed charge to the jury, Counsel shall submit to Sydney_Johnston@wvsd.uscourts.gov, Microsoft Word format, their proposed numbered instructions on substantive theories of recovery or defense, on damages and on evidentiary matters peculiar to the case, and special interrogatories, if any be appropriate to the case, along with a proposed verdict form. The pattern instructions on such standard issues as judicial notice, inferences, credibility, direct and circumstantial evidence and similar matters should not be submitted without a showing of good cause and leave of Court.

Should lead trial Counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required herein, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required herein, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to *Federal Rule of Civil Procedure* 16(f).

The parties are relieved from the obligation to deliver to Chambers a courtesy copy of any motion or legal memoranda.

All proceedings shall be held by the Court at the Robert C. Byrd United States Courthouse, Beckley, West Virginia.

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTERED: December 12, 2023

Frank W. Volk
United States District Judge