**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MOUNTAIN VALLEY PIPELINE, LLC,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 5:23-cv-00625**

**MELINDA ANN TUHUS,**

**Defendant.**

**MOUNTAIN VALLEY PIPELINE, LLC,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 5:23-cv-00626**

**ROSE ZHENG ABRAMOFF,**

**Defendant.**

**PLAINTIFF'S COMBINED MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND RESPONSE TO MOTION TO DISMISS**

Mountain Valley Pipeline, LLC ("MVP"), has moved pursuant to Fed. R. Civ. P. 12(f), to strike Defendants' untimely Motion to Dismiss filed on May 14, 2024. [Doc No. 28]. In the alternative, in the event the Court denies the Motion to Strike, MVP responds to the second filed Motion to Dismiss and seeks an order denying the same.

The instant action was filed on September 19, 2023. On October 20, 2023 Defendants Melinda Tuhus and Rose Abramoff ("Defendants") each filed its responsive pleading, which in the first paragraph requests the Court to dismiss the Complaint even though the motion is styled as a "Motion for Abstention." [Doc No. 14 & 15]. On May 14, 2024, nearly eight months after the Complaint was filed, Defendants filed, without leave of court and while Defendants' first Motion to Dismiss was still pending, a second Motion to Dismiss for failure to state a claim ("Motion").

Defendants' Motion fails for at least three reasons. First, Defendants' Motion is untimely and improper as it was filed both after it had already filed a Motion to Dismiss on October 20, 2023 and eight months after the responsive pleading deadline and outside of Fed. R. Civ. P. 7(a). As such, Defendants' Motion fails at the outset. Second, and in the alternative to the Plaintiff's Motion to Strike, the Motion inaccurately states the facts of the case surrounding damages. This inaccuracy lends itself to confuse the issues and, even as stated, does not present a valid defense. Because of this, the Motion should be stricken. Third, MVP's Complaint meets the standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007) and 28 U.S.C. § 1332(a). Defendants' Motion should be denied and stricken from the record, or in the alternative, denied.

**I. Defendants' Motion should be rejected as untimely.**

Defendants were served with the Complaint on September 21, 2023, through the West Virginia Secretary of State. [Doc. No. 1]. The Motion was filed nearly eight months later—far beyond the allotted 21 days to file a responsive pleading and nearly seven months after filing their first Motion to Dismiss. Because of this, the Motion is improper.

A defense for failure to state a claim upon which relief can be granted may be asserted by motion, but "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The Rules further this point, providing: "failure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). The Rules specifically limit when a motion to dismiss for failure to state a claim may be filed.

Here, Defendants have already filed a responsive pleading in the form of a Motion to Dismiss based on abstention. The second Motion is neither a complaint, answer to complaint, answer to counterclaims, answer to crossclaims, a third-party complaint, answer to a third-party

complaint, nor was it ordered by the Court. As such, it is not a pleading allowed under Fed. R. Civ. P. 7(a). The Motion is not styled as a motion for judgment on the pleadings—on the contrary, it specifically cites the 12(b)(6) standard, not the 12(c) standard. Finally, the motion is not being raised at trial. Because the Motion was filed after the first responsive pleading but does not fit into the carveouts allowed under Fed. R. Civ. P. 12(h)(2), it must be denied as untimely.

## II. Defendants' Motion should be stricken from the record as it misstates the facts outlined in the Complaint and therefore cannot constitute a valid defense.

Defendants' Motion is not only untimely, but also inaccurately states the damages sought and should therefore be stricken from the record. Fed. R. Civ. P. 12(f) allows for an insufficient defense to be stricken on motion made by a party before responding to the pleading. In fact, "[a] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Management Holdings, Inc v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing Wright & Miller, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990)).

In its Complaint, MVP asserts several causes of action including: (1) preliminary injunction, (2) permanent injunction, (3) tortious interference, (4) violation of West Virginia's Critical Infrastructure Act, (5) civil conspiracy, and (6) punitive damages. Conveniently, in their Motion, Defendants focus solely on the claim for tortious interference—where MVP claims *at least* $45,629.50 in damage. Notwithstanding the other causes of action, which are likely to give rise to additional damage, MVP specifically pleaded for "punitive damages in compliance [with] W. Va. Code § 55-7-29 in excess of the jurisdictional amount in controversy." Compl. at ¶ 47.

West Virginia specifically limits awards for punitive damages under W. Va. Code § 55-7-29. In particular, punitive damages are limited to "four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c). In calculating the amount

in controversy, compensatory and punitive damages are compiled. *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp 22, 24 (S.D. W. Va. 1994) ("punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action."); *White v. Newrez, LLC*, No. 2:21-CV-00444, 2022 WL 1920696, at *2 (S.D. W. Va. June 3, 2022).

Here, even under Defendants' false narrative, MVP far exceeds the amount in controversy—MVP alleges *at least* $45,629.50 in compensatory damages which, when multiplied by four, equals $182,518.00—far less than the $500,000 allowed under the Code. In sum, MVP's Complaint alleges compensatory and punitive damages in the amount of *at least* $545,629.50—more than seven times the $75,000.00 threshold.

MVP has properly pleaded all six of its causes of action and has far exceeded the $75,000.00 threshold. Defendants' focus on the damages from a single cause of action in the Complaint, rather than the Complaint as a whole, is illusory. Defendants' defense in the form of an untimely motion to dismiss is insufficient for several reasons, as outlined below. Namely, Defendants misconstrue the facts of the case in a way that blatantly confuses the issues. For this reason, Defendants' Motion should be stricken from the record.

**III. Response to Motion to Dismiss**

Notwithstanding the above, the Motion also fails to meet the standard for a motion to dismiss. Despite Defendants' best attempt at a sleight of hand, the Motion ignores nearly all allegations in the complaint, failing to take them as true—as required—and instead inserts irrelevant information to muddy the water. The Motion is void of valid arguments in favor of dismissal and should therefore be denied.

A Complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(1)–(2). A Rule 12(b)(6) motion is intended to test "the sufficiency of the complaint" to ensure that it alleges sufficient facts that "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 555, 570 (2007); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A simple review of the Complaint reveals that MVP has sufficiently pleaded facts to support each of its claims.

Defendants focus on the amount in controversy and MVP's ability to meet the $75,000 requirement. This argument fails for three reasons: (1) the calculation of damage need only be plausibly pleaded, not pleaded in a mathematical equation; (2) Defendants use another MVP case to extrapolate damage, taking MVP's allegations as untrue and citing defendant Melinda Tuhus' blog as the authority; (3) Defendants ignore specific facts in the Complaint claim MVP has not properly pleaded damage to raise to the level of a permanent injunction.

First, Defendants focus on ¶ 3 of the Complaint which says: "[p]ursuant to the provisions of 28 U.S.C. § 1332(a), as amended, the United States District Court for the Southern District of West Virginia, at Beckley, has original jurisdiction over this action because the parties are citizens of different states and because the action seeks damages in excess of $75,000.00." Defendants claim this "fails because it is not even a formulaic recitation of the jurisdictional criteria[.]" Motion at ¶ 7. There is no requirement that a plaintiff provide a formula for calculating the jurisdictional amount. On the contrary, the requirement is a "short and plain statement." A burden which MVP has no doubt met.

Defendants go on to claim MVP has provided "no factual basis from which one can speculate, that damages . . . have been incurred." *Id.* Astonishingly, in the very next sentence,

Defendants quote the Complaint where MVP claims Defendants "'ha[ve] caused damage to MVP in salaries, wages, and other expenses incurred through delay of the project[.]'" Motion at ¶ 8. This is the factual basis for which MVP claims part of its damage. As explained in the Complaint, MVP's work was abruptly halted by the trespass which caused damage in the form of "salaries, wages, and other expenses" incurred without any work being performed.

Defendants conclude their "plausibility" section by glossing over MVP's assertion for punitive damages which, as outlined above, provides more than enough evidence to support its claim for damages in excess of $75,000.00. Notably, Defendants fail to walk through the calculation of punitive damages pursuant to the statute specifically cited in the Complaint. Instead, Defendants baldly claim the Complaint is "devoid of the statutory minimal allegation of damages[.]" Motion at ¶ 11. MVP has provided support for each of its assertions in the Complaint and has specifically pleaded *at least* $45,629.50 in damage in addition to the allowable amount of punitive damage—in this case, $500,000.00.

Second, Defendants attempt to use another MVP case to diminish the allegations in the Complaint. This argument is nonsensical for several reasons. First, these trespasses are in different areas (Yellow Finch was in Virginia), at different stages of the project (Yellow Finch began in 2018), and concern different types of trespasses (Yellow Finch involved tree sitters). Beyond these differences, which would alter the amount of damage between the two cases, Defendants cite Exhibit A of the Complaint—Melinda Tuhus' own blog. Defendants are citing themselves for the amount of damage caused by trespassers which, as far as MVP is aware, Tuhus has no personal knowledge.

Through the unsubstantiated and illusory claims, Defendants miss the forest for the trees, suggesting MVP must prove its damage in granular detail on the first day of the suit. The

Complaint need only show MVP is entitled to relief—something it has more than achieved. Defendants have pleaded guilty to trespass—thereby affirming the underlying facts of the Complaint. MVP has stated that this caused *at least* $45,629.50 in damage; such a claim will be proven through evidence established in discovery and presented at trial. This coupled with punitive damages allowed by the West Virginia Code put MVP far above the jurisdictional threshold of $75,000.00.

Third, Defendants attempt to argue against injunction, claiming MVP "will not even notice the loss of the currently alleged damages[.]" Motion at ¶ 19. This red herring dresses a bare argument with an allusion to David and Goliath. The major flaw in this argument against permanent injunction is that Defendants claim MVP will not notice the monetary damage—directly contrary to the standard for permanent injunction.[1] First, there is no threshold for the amount of damage that can be recovered. Any loss may be sufficient to support injunctive relief and Defendants fail to cite any authority to the contrary. Instead, as outlined in the Complaint:

> [a]ccording to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, **such as monetary damages, are inadequate** to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (emphasis added); *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014). In this vein, as also

[1] MVP has not pursued a preliminary injunction to date because the Defendants were arrested and charged with criminal trespass. They posted bond and a condition of the bond was that they would not violate any federal or state laws again. MVP saw no reason to press for a preliminary injunction and wasted the Court's time after the parties first convened with the Court at the outset of this case given that the bond expressly conditioned, and Defendants agreed in the bond, not to violate any federal or state laws. Exhibit A, Criminal Bail Agreement for each Defendant. MVP still intends to pursue permanent injunctive relief given the Defendants self-declared intent to continue to oppose any projects related to fossil fuel development, including natural gas pipelines. *See* Exhibit B, Defendants' social media posts.

outlined in the Complaint, MVP was forced to halt the project during the trespasses at issue in this case and, therefore, was delayed in kind. This is in direct conflict with the Fiscal Responsibility Act, which placed particular importance on the speedy completion of the Project and with FERC permits, which outline particular timetables for completion of certain aspects of the project. This, coupled with the safety concerns associated with having unauthorized individuals in and around a bore pit, show MVP will be irreparably harmed, in a *non-monetary* manner, if permanent injunction is not granted.

**WHEREFORE**, MVP requests Defendants' Motion be denied as untimely or, in the alternative, because MVP has clearly stated a claim for relief for which relief can be granted. Similarly, because Defendants' defense is insufficient and may cause confusion in the case, the Motion should be stricken from the record.

**MOUNTAIN VALLEY PIPELINE, LLC**

**By Counsel**

/s/ *Timothy M. Miller*
Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
Babst Calland, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MOUNTAIN VALLEY PIPELINE, LLC,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 5:23-cv-00625**

**MELINDA ANN TUHUS,**

**Defendant.**

**MOUNTAIN VALLEY PIPELINE, LLC,**

**Plaintiff,**

**v.** **CIVIL ACTION NO. 5:23-cv-00626**

**ROSE ZHENG ABRAMOFF,**

**Defendant.**

**CERTIFICATE OF SERVICE**

The undersigned, as counsel for Plaintiff Mountain Valley Pipeline, LLC hereby certifies that a true and correct copy of the foregoing PLAINTIFF'S COMBINED MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND RESPONSE TO MOTION TO DISMISS was filed this 28th day of May 2024, through this Court's CM/ECF system which will send electronic notification to the following counsel of record:

William V. DePaulo, Esquire
860 Court Street North, Suite 300
Lewisburg, WV 24901
*Counsel for Defendants*

/s/ *Timothy M. Miller*
Timothy M. Miller (WVSB #2564)