UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.

                                        CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

        Defendants.

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

With the consent of Plaintiff Mountain Valley Pipeline, LLC ("MVP"), Defendants Melinda Ann Tuhus ("Tuhus") and Rose Zheng Abramoff ("Abramoff") hereby amend their previously-filed Motion to Dismiss (ECF Doc. 14)[1] and supporting Memorandum (ECF Doc. 15) to include the following supplemental grounds, to be incorporated by reference into said Motion and Memorandum.

## Introduction[2]

Three of the "counts" MVP asserts are not legally cognizable causes of action under West Virginia law. With respect to the other four, MVP invokes

---

[1] As MVP has previously acknowledged, while styled as a "Motion for Abstention" this pleading is, in substance, a Motion to Dismiss. The previously-filed Motion to Dismiss/Motion for Abstention remains pending. Defendants advance the grounds herein to the to the extent this Court declines to dismiss the complaints on the abstention grounds previously set forth.

[2] The arguments contained within are largely identical in substance as applied to Tuhus and Abramoff, who face separate but largely identical complaints. Unless otherwise noted, all arguments within apply equally to each Defendant.

inapplicable legal theories, makes no factual allegations that, if true, would be sufficient to warrant relief, and thus fails to state a claim upon which relief can be granted. Dismissal at this Rule 12 stage is therefore appropriate.

### Factual Background[3]

MVP "is a natural gas company holding a certificate from the Federal Energy Regulatory Commission ("FERC") to construct and operate a new natural gas pipeline from Wetzel County, West Virginia to Pittsyvania County, Virginia." (Tuhus Compl., ECF Doc. 1, ¶ 1) ("Tuhus Compl.").[4] MVP alleges that "[t]hrough voluntary agreements with property owners, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property")." (*Id.* ¶ 11.) MVP alleges that Defendants are opposed to the Project [defined as "a natural gas pipeline to be used for interstate commerce . . . being constructed through Summers County, West Virginia"] and [have] collaborated, combined, and agreed to work to delay or stop the project by unlawful means." (*Id.* ¶ 12.)

With respect to Tuhus, MVP alleges that "[s]pecifically, [Tuhus] unlawfully obstructed access to the Subject Property by physically blocking the roadway to prevent MVP's operation and delay work." (*Id.* ¶ 13.)

---

[3] While Defendants assume *arguendo* that the allegations set forth in the Complaint are true for the limited purpose of this Motion, they does not otherwise concede or stipulate to the allegations in the Complaint.

[4] Unless otherwise noted, all portions of the Tuhus complaint cited within are mirrored identically at the same paragraph of the separate complaint against Abramoff.

With respect to Abramoff, MVP alleges that "[s]pecifically, [Abramoff] unlawfully attached herself to equipment, placing her in dangerous proximity to the equipment, in order to prevent its operation and delay work." (Abramoff Compl., Case 5:23-cv-00626, ECF Doc. 1, ¶ 13) ("Abramoff Compl.").

The only non-conclusory allegations in the Complaint regarding any alleged damages are that "Defendant has caused damage to MVP in salaries, wages, and other expenses incurred through delay of the project in the amount of at least $45,629.50." (Tuhus Compl., ¶ 32; Abramoff Compl., ¶ 38.)

MVP's claims against Tuhus are for preliminary injunction (Count One) (Tuhus Compl., ¶¶ 14–23), permanent injunction (Count Two) (id. ¶¶ 24–26), tortious interference (Count Three) (id. ¶¶ 27–32), violation of W. VA. CODE § 61-10-34 (Count Four) (id. ¶¶ 33–39), civil conspiracy (Count Five) (id. ¶¶ 40–43), and punitive damages (Count Six) (id. ¶¶ 44–47).

MVP's claims against Abramoff are for preliminary injunction (Count One) (Abramoff Compl., ¶¶ 14–23), permanent injunction (Count Two) (id. ¶¶ 24–26), trespass (Count Three) (id. ¶¶ 27–32), tortious interference (Count Four) (id. ¶¶ 33–38), violation of W. VA. CODE § 61-10-34 (Count Five) (id. ¶¶ 39–45), civil conspiracy (Count Six) (id. ¶¶ 46–49), and punitive damages (Count Seven) (id. ¶¶ 50–53).

The complaints against Tuhus and Abramoff are largely identical, but for distinct factual allegations set forth in paragraphs 13 of the respective complaints, and the addition of a trespass claim in the complaint against Abramoff.

3

**Argument**

## I.    Standard.

The standard applicable to a FED. R. CIV. P. 12(b)(6) motion to dismiss is set

forth in *Cozmyk v. Prompt Recovery Servs., Inc.*, 851 F. Supp. 2d 991, 992–93

(S.D. W. Va. 2012):

> A motion to dismiss fil[]ed under Rule 12(b)(6) tests the legal
> sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d
> 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires
> that a pleading contain a "short and plain statement of the claim
> showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the
> Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not
> require 'detailed factual allegations' but 'it demands more than an
> unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556
> U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell
> Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.
> 2d 929 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of
> his 'entitle[ment] to relief requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not
> do.[']" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S.
> 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) for the proposition
> that "on a motion to dismiss, courts 'are not bound to accept as true a
> legal conclusion couched as a factual allegation'"). A court cannot
> accept as true legal conclusions in a complaint that merely recite the
> elements of a cause of action supported by conclusory
> statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to
> dismiss, a complaint must contain sufficient factual matter, accepted as
> true, to 'state a claim to relief that is plausible on its face.'" *Id.* at
> 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial
> plausibility, the plaintiff must plead facts that allow the court to draw
> the reasonable inference that the defendant is liable, and those facts
> must be more than merely consistent with the defendant's liability to
> raise a claim from merely possible to probable. *Id.*
>
> In determining whether a plausible claim exists, the court must
> undertake a context-specific inquiry, "[b]ut where the well-pleaded
> facts do not permit the court to infer more than the mere possibility of
> misconduct, the complaint has alleged—but it has not 'show[n]'—'that

the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II. MVP's claims for preliminary and permanent injunction are appropriately dismissed because they are not independent causes of action.

Injunctive relief is a remedy; it is not an independent cause of action. *Cunningham Energy, LLC v. Vesta O & G Holdings, LLC*, 578 F. Supp. 3d 798, 819 (S.D. W. Va. 2022) (holding that "[r]equests for injunctive relief do not constitute independent causes of action; rather, the injunction is merely the remedy sought for the legal wrongs alleged in the substantive counts"; dismissing causes of action for injunctive relief); *see also Williams v. Rigg*, No. 3:19-cv-00423, 2021 WL 4129592, at *3 (S.D. W. Va. Sept. 9, 2021) (dismissing claim for injunctive relief after plaintiff declined to respond to defendant's argument "that injunctive relief is a remedy and not an independent cause of action"). MVP's "claims" for injunctive relief (Counts One and Two) are appropriately dismissed for this reason.

## III. MVP's trespass claim fails both because MVP had no right to exclude Abramoff from the Subject Property and because MVP has failed to plead damages to property.[5]

MVP's Complaint fails to state a claim for Trespass because 1) MVP has no possessory interest in the Subject Property at issue and no right to exclude Abramoff, and 2) MVP has not alleged any damage to property.[6]

---

[5] MVP brings no trespass claim against Tuhus.

[6] To the extent MVP seeks to rely on Abramoff's attachment to equipment as a basis for the trespass claim, this argument fails, among other reasons, because the Complaint does not allege

5

Under West Virginia law, a trespass is "'an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property.'" *Barker v. Naik*, No. 2:17-cv-04387, 2018 WL 3824376, at *4 (S.D. W. Va. Aug. 10, 2018) (quoting *Hark v. Mountain Fork Lumber Co.*, 34 S.E.2d 348, 352 (W. Va. 1945)); *see also, e.g.*, *Bailes v. Tallamy*, No. 21-1008, 2023 WL 2785792, at *3 (W. Va. Apr. 5, 2023) (quoting *EQT Prod. Co. v. Crowder*, 241 W. Va. 738, 828 S.E.2d 800 (2019)).

Further, "'"[A]n invasion must constitute an interference with possession in order to be actionable as a trespass."'" *Barker*, 2018 WL 3824376, at *4 (quoting *Rhodes v. E.I. Du Pont de Nemours & Co.*, 657 F. Supp. 2d 751, 771 (S.D. W. Va. 2009) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 13 at 70 (5th ed. 1984)).

MVP alleges, as its trespass claim, that "MVP has specific rights otherwise outlined in this Complaint and Defendant does not own or have interest in the Subject Property." (Abramoff Compl., ¶ 28.) These "specific rights" are alleged by MVP as follows: "Through voluntary agreements with property owners, MVP has acquired temporary and permanent easements to construct and operate the pipeline on the land at issue ("Subject Property")." (*Id.* ¶ 11.)

---

that MVP has any ownership or possessory interest in the equipment at issue. It is not clear from the face of the Complaint that MVP relies on Abramoff's attachment to equipment to support its trespass claim; thus, Abramoff reserves the right to present further argument on this issue should MVP clarify in its Response that it is purporting to assert a claim for trespass to the equipment itself and not merely the Subject Property. *See* Abramoff Compl., ¶¶ 27-32.

"With respect to easements, [the West Virginia Supreme Court of Appeals] has previously stated that 'an easement may be defined as the right one person has to use the lands of another for a specific purpose." *Quintain Dev., LLC v. Columbia Nat. Res., Inc.*, 556 S.E.2d 95, 135 (W. Va. 2001) (quoting *Kelly v. Rainelle Coal Co.*, 64 S.E.2d 606, 613 (W. Va. 1951), *overruled in part on other grounds by Kimball v. Walden*, 301 S.E.2d 210 (W. Va. 1983)). The right created by an easement is "nonpossessory." *Id.* (quoting RESTATEMENT (THIRD) PROPERTY § 1.2(1) (2000)); *see also United States Forest Service v. Cowpasture River Preservation Association*, 590 U.S. 604, 613, 140 S. Ct. 1837, 1844 (2020) ("easements grant only nonpossessory rights of use limited to the purposes specified in the easement agreement").

As trespass is interference "with possession," *Barker*, 2018 WL 3824376, at *4 (quoting *Rhodes*, 657 F. Supp. 2d at 771 (quoting W. PAGE KEETON ET AL., § 13 at 70)), and the right created by an easement is "nonpossessory," *Quintain Dev.*, 556 S.E.2d at 135 (quoting RESTATEMENT (THIRD) PROPERTY § 1.2(1)), MVP's allegations that it has easement rights with respect to the Subject Property cannot form the basis for a trespass claim.

Additionally, MVP fails to allege any damages to property resulting from any alleged trespass. This, too, is fatal to the trespass claim and an additional, independent reason why dismissal is appropriate. *See Meeks v. McClung*, No. 2:20-cv-00583, 2021 WL 3630526, at *7 (S.D. W. Va. May 3, 2021) (recommending court grant motion to dismiss trespass claims brought under West Virginia law

because "assuming, as Plaintiff implies, that [Defendants] came onto his property without lawful authority after he moved the vehicle that was the subject of the parking complaint, he has not alleged that they damaged his real property in any manner"), *adopted by* 2021 WL 3013361 (S.D. W. Va. July 16, 2021).

*Meeks* involved warrantless entry onto commercial property by city code enforcement officials who, after entering the property, allegedly "unlawfully searched [the plaintiff's] property, collected evidence, and took photographs." *Id.* at *1. Although the Court found these allegations to be sufficient to state a claim for relief under 42 U.S.C. § 1983 based on Fourth Amendment violations, the allegations failed to state a claim for trespass because they did not sufficiently allege the essential element of damage to property. *Id.* at *3-4, *7. Whereas in *Meeks*, the defendant city code enforcement officials were alleged to have entered, investigated, taken evidence from, and photographed the plaintiff's property without permission, yet the complaint did not sufficiently allege damages, here MVP does not even attempt to allege *damage* to any property. MVP's trespass claim fails for this additional reason.[7]

---

[7] While *Moore v. Equitrans, L.P.*, 27 F. 4th 211, 220-21 (4th Cir. 2022) indicates that West Virginia law allows for the recovery for "damages for loss of use" – including lost profits – in a trespass action, the availability of damages for lost profits in a proper trespass action does not alter the elements of trespass. *See id.* at 220 (quoting *Brooks v. City of Huntington*, 234 W. Va. 607, 768 S.E.2d 97, 105-06 (2014) ("*when residential property is damaged*, the owner may recover the reasonable cost of repairing it" as well as additional costs associated with the *damage*) (emphasis added).

Further, *Bethlehem Steel Corp. v. Shonk Land Co.*, 169 W. Va. 310, 288 S.E.2d 139 (1982), which addresses holdover damages that may accrue when a lessee remains on private property following termination of a tenancy, does not help MVP here. As Judge Kleeh recently recognized in a case in the Northern District, in West Virginia, an action to recover damages in the case of a

8

### IV. MVP's tortious-interference claim fails because MVP does not allege interference with any relationship.

A plaintiff alleging tortious interference must plead interference with a "business relationship." *DLB Enter. LLC v. Kanawha Stone Co.*, No. 2:22-cv-00046, 2022 WL 2679457, at *3-4 (S.D. W. Va. July 11, 2022) (citing *Talbot 2002 Underwriting Cap., Ltd. v. Old White Charities, Inc.*, No. 5:15-cv-12542, 2016 WL 3162135, at *6 (S.D. W. Va. June 3, 2016) (dismissing tortious-interference claim for failure to sufficiently allege intentional interference with business relationship); *see also King v. Teays Valley Health Servs., Inc.*, No. 2:05-cv-00463, 2006 WL 297719, at *3 (S.D. W. Va. Feb. 7, 2006) (noting that "to state a claim for tortious interference, [plaintiff] must allege that [defendant] interfered in a contractual relationship between [plaintiff] and a third party" and concluding that plaintiff failed to plead interference with relationship with a third party). The plaintiff in *King* alleged that the defendant improperly stripped him of his general orthopedic privileges. 2006 WL 297719, at *2. The complaint in *King*, however, like MVP's complaint, failed to allege any interference by the defendant with any third-party relationship (such as with the plaintiff's clients), and the Court appropriately dismissed the tortious-interference claim. *Id.* at *3-4.

MVP alleges only that it "has a contractual and business expectancy for the construction of the Project" and that Defendants "intentionally and knowingly

---

holdover tenancy properly sounds in a claim for breach of contract, not trespass. *See Big Brother & Holding Co., LLC v. Certified Pressure Testing, LLC*, No. 2:20-CV-41, 2022 WL 16857330, at *2-3 (N.D. W. Va. Nov. 10, 2022).

interfered with MVP's ability to construct the Project" and "cause[d] delays to the Project." (Tuhus Compl., ¶¶ 29-31; Abramoff Compl., ¶¶ 35-37.) MVP pleads no facts to suggest that any contractual or other business relationship was breached or lost as a result of the brief protest at issue in this case.

Read generously to MVP, the Complaint alleges that MVP was hindered in its contractual obligations with unspecified third parties by Defendants, who are alleged to have obstructed construction of the pipeline for an unspecified period of time[8], thus making performance of MVP's unspecified contractual obligations more burdensome or expensive due to that delay. But as a matter of West Virginia state law, MVP cannot sustain a cause of action for tortious interference on this basis. *See Webb v. Paine*, 515 F. Supp. 3d 466, 485-87 (S.D. W. Va. 2021) (wherein Judge Copenhaver carefully considered, and rejected, the plaintiff's argument that a claim for tortious interference in West Virginia can rest solely upon an action that makes "performance of the contract more burdensome or expensive" as opposed to an action that "induce[s] or cause[s] the third party to not perform or to breach the contract with plaintiff"). Its tortious-interference claim consequently fails.

## V.   MVP's W. VA. CODE § 61-10-34 fails because MVP does not allege damage to real or personal property.

W. VA. CODE § 61-10-34(d)(1) provides that "[a]ny person who is arrested for or convicted of an offense under this section may be held civilly liable for any

---

[8] Exhibit A to the Complaint, to the extent it is accurate, suggests that work was stopped for approximately five hours as a result of the protest at issue. *See* ECF Doc. 1-1, p. 10 [of 14-page PDF]. The Complaint itself contains no such allegation.

damages to personal or real property while trespassing." MVP does not allege any "damages to personal or real property." Its W. VA. CODE § 61-10-34 claim fails as a result.[9]

## VI. MVP's civil-conspiracy claim fails due to the absence of an underlying tort.

"[C]ourts in West Virginia dismiss civil conspiracy claims when they are not supported by an underlying tort." *Sheehan v. Saoud*, 650 F. App'x 143, 153 (4th Cir. 2016) (citing *Long v. M & M Transp., LLC*, 44 F. Supp. 3d 636, 652 (N.D. W. Va. 2014)). As MVP's underlying tort claims asserted against Defendants are all appropriately dismissed, so, too, is MVP's civil-conspiracy claim.

## VII. MVP's claim for punitive damages is appropriately dismissed because it is not independent cause of action.

"[U]nder West Virginia law, a separate cause of action for punitive damages does not exist." *Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154 (STAMP), 2019 WL 3304814, at *5 (N.D. W. Va. July 23, 2019) (citing *Cook v. Heck's Inc.*, 342 S.E.2d 453, 461 n.3 (W. Va. 1986)); *see also Durbin v. Nationwide Mutual Insurance Co.*, No. 5:18-CV-211, 2019 WL 1545671, at *1 n. 1 (N.D. W. Va. Apr. 9, 2019) (same). MVP's "claim" for punitive damages (Counts Six and Seven of

---

[9] While this Court need do nothing more than conduct this straightforward analysis to dismiss the § 61-10-34 counts against Tuhus (Count Four) and Abramoff (Count Five), separately and independently, the Complaint is insufficient because it fails to plead facts establishing that the "Subject Property" contained a "critical infrastructure facility" within the meaning of § 61-10-34(b).

Tuhus and Abramoff's complaints, respectively) is appropriately dismissed for this reason.

**CONCLUSION**

For the foregoing reasons, Tuhus and Abramoff respectfully request that their motion to dismiss be granted.

Respectfully submitted,

**MELINDA ANN THUSUS
ROSE ZHENG ABRAMOFF**

By Counsel

/s/ Jonathan Sidney
Jonathan Sidney
*Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North
Suite 300
Lewisburg, WV 25901
Phone: (304) 342-5588
Fax: (866) 850-1501
William.depaulo@gmail.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,
          Plaintiff,

v.                                 CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
          Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 26th day of July, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer **J.** Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

/s/William V. DePaulo
William V. DePaulo