UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.                              CIVIL ACTION NOS. 5:23-cv-00625 (Lead)
                                                  5:23-cv-00626 (Consolidated)

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Melinda Ann Tuhus and Rose Zheng Abramoff's Motion for Abstention [ECF 14], filed October 2, 2023. Plaintiff Mountain Valley Pipeline, LLC ("MVP") filed its Response in Opposition [ECF 16], on October 16, 2023. Defendants replied on October 23, 2024. [ECF 18]. Also pending is MVP's Motion to File Memorandum of Supplemental Authority in Response to Defendants' Motion for Abstention [ECF 25], filed May 8, 2024, Defendants Motion to Dismiss [ECF 26], filed May 14, 2024, to which MVP filed its Motion to Strike Defendants' Motion to Dismiss [ECF 28], on May 28, 2024, and Defendants' Unopposed Motion to Amend Motion to Dismiss to Include Supplemental Grounds Pursuant to *Federal Rule of Civil Procedure* 12(b)(6)[1] [ECF 39], filed July 26, 2024.[2] The matters are ready for adjudication.

---

[1] Defendants assert their previously filed "Motion for Abstention" [ECF 14] is, in substance, a motion to dismiss. [ECF 39].

[2] The Court **GRANTS** MVP's Motion to File Memorandum of Supplemental Authority in Response to Defendants' Motion for Abstention [**ECF 25**].

I.

On September 19, 2023, MVP instituted two separate causes of action against Defendants Tuhus and Abramoff relating to the alleged disruption of pipeline activity that occurred on September 7, 2023. On September 25, 2023, the Court consolidated the cases under *Federal Rule of Civil Procedure* 42(a) and designated *Tuhus* as the lead case. [ECF 4].

The Complaints allege MVP is constructing a natural gas pipeline through Summers County. [ECF 1 ¶ 7 ("Project")]. MVP has obtained all necessary permits and authorizations to proceed with construction of the Project. [*Id.* ¶ 10]. Additionally, MVP has acquired temporary and permanent easements for construction and operation of the Project via voluntary agreements with land owners. [*Id.* ¶ 11 ("Subject Property")]. MVP alleges the Defendants were opposed to the project and "collaborated, combined, and agreed to work to delay or stop the [P]roject by unlawful means." [*Id.* ¶ 12]. On September 7, 2023, Ms. Tuhus obstructed access to the Subject Property by blocking the roadway to prevent MVP's operation and delay the work. [*Id.* ¶ 13]. She placed one foot in a concrete barrel while she sat in a chair blocking access to the Subject Property. [*Id.* Ex. 1 at 10]. On the same day, Ms. Abramoff attached herself to equipment at the Project to prevent operation and delay the work. Complaint ¶ 13, *Mountain Valley Pipeline v. Rose Zheng Abramoff*, No. 5:23-cv-00626 (S.D. W. Va. Nov. 19, 2023), ECF 1. Both Defendants were subsequently arrested. [ECF 1-1 at 5]. MVP has filed similar civil actions in the Circuit Court of Summers County against different individuals involved in the alleged disruption that occurred on September 7, 2023 [ECF 15 at 2].

MVP brings claims against Ms. Tuhus and Ms. Abramoff for (1) Preliminary Injunction, (2) Permanent Injunction, (3) Tortious Interference, (4) Violation of *West Virginia Code* section 61-10-34, (5) Civil Conspiracy, and (6) Punitive Damages. There is one additional claim against Ms. Abramoff for Trespass. Complaint ¶¶ 27–32, *Mountain Valley Pipeline v. Rose Zheng*

*Abramoff*, No. 5:23-cv-00626 (S.D. W. Va. Nov. 19, 2023), ECF 1. MVP alleges diversity jurisdiction for both cases under 28 U.S.C. § 1332(a). MVP asserts it is authorized to conduct business in West Virginia and none of MVP's members, or those holding ownership interests, are residents of either Connecticut (where Ms. Tuhus resides) or Tennessee (where Ms. Abramoff resides). Additionally, MVP asserts the actions seek damages in excess of $75,000. In its final prayer for relief, MVP reasserts its request to enjoin the Defendants and for punitive damages.

On September 29, 2023, the Court held a pre-hearing conference on MVP's request for a preliminary injunction. The Court directed counsel for both parties to confer and provide the Court with the earliest date possible for a preliminary injunction hearing. [ECF 17]. No dates were ever tendered.

Ms. Tuhus and Ms. Abramoff filed their Motion for Abstention [ECF 14]. They assert MVP should be required to proceed with its claims in the earlier filed Summers County action. Ms. Tuhus and Ms. Abramoff fail to state which abstention doctrine is applicable. MVP responds abstention is inapplicable under (1) *Younger*, (2) *Pullman*, (3) *Burford*, (4) *Thibodaux*, and (5) the *Rooker-Feldman* doctrine. Ms. Tuhus and Ms. Abramoff reply the "duplicative nature of the federal and state proceedings [serve] as a basis for abstention" and provide an analysis under the *Colorado River/Moses H. Cone* abstention factors. [ECF 18 at 4].

MVP filed its Memorandum of Supplemental Authority. The Memorandum notes our Court of Appeals recently reversed and remanded a case where a judicial officer in the Northern District of West Virginia abstained pursuant to the *Pullman* doctrine. *Sonda v West Virginia Oil and Gas Conservation Comm'n*, 92 F.4th 213, 219 (4th Cir. 2024). Additionally, MVP alerts the Court that the criminal cases of Ms. Tuhus and Ms. Abramoff have been resolved.

On May 14, 2024, Ms. Tuhus and Ms. Abramoff filed a Motion to Dismiss [ECF 26]. The Defendants assert MVP's claims for monetary damages are implausible. MVP responds the

3

Motion to Dismiss should be (1) denied as untimely, (2) stricken from the record as it misstates the facts alleged in the Complaint, and (3) denied as MVP has stated a claim for which relief can be granted.

On July 26, 2024, Defendants filed their Unopposed Motion to Amend Motion to Dismiss to Include Supplemental Grounds Pursuant to Rule 12(b)(6) [ECF 39]. Attached is a Supplemental Memorandum of Law which provides six supplemental reasons why certain causes of action should be dismissed. Ms. Tuhus and Ms. Abramoff assert that (1) the claims for preliminary and permanent injunctions are not independent causes of action, (2) the claim for trespass against Ms. Abramoff fails as MVP had no right to exclude her from the property and MVP fails to plead property damage, (3) the claim for tortious interference fails because MVP does not allege interference with any relationship, (4) the claim for violation of *West Virginia Code* section 61-10-34 fails inasmuch as MVP does not allege damages to real or personal property, (5) the claim for civil conspiracy fails due to the absence of an underlying tort, and (6) the punitive damages claims are not independent cause of action. MVP did not oppose the Motion to Amend, and no response has been filed regarding the arguments raised in the Supplemental Memorandum of Law in Support of Motion to Dismiss.

## II.

A. *Motion for Abstention*

"The generally applicable rule is that a federal court, whose jurisdiction has been invoked, *must* exercise that jurisdiction and address the matter before it." *Sonda*, 92 F.4th at 219. (4th Cir. 2024) (emphasis in original). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention doctrines constitute 'extraordinary and narrow exception[s]' to a federal

court's duty to exercise the jurisdiction conferred on it." *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (alteration in original) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)).

Ms. Tuhus and Ms. Abramoff utterly fail to properly invoke such an "extraordinary and narrow exception" to the proper exercise of subject matter jurisdiction. Indeed, they have not so much as identified the doctrine of abstention under which they move, waiting to do so in a half-hearted manner in their unseasonable reply. They rely on the general assertion regarding the duplicative state and federal proceedings as grounds for abstention. Inasmuch as Ms. Tuhus and Ms. Abramoff's analysis under the *Colorado River/Moses H. Cone* was raised for the first time in their reply, the Court will not consider that argument. *See Moseley v. Banker*, 550 F.3d 312, 325 n.7 (4th Cir. 2008) ("As a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived."); *Huskey v. Ethicon, Inc.*, 29 F.Supp.3d 736, 745 n.4 (S.D.W. Va 2014) ("[A]n argument raised for the first time in a reply brief or memorandum will not be considered.").

Accordingly, the Court **DENIES** Ms. Tuhus and Abramoff's Motion for Abstention [**ECF 14**].

**B.** *Motion to Dismiss*

To the extent the Defendants arguments raised concern the plausibility of the amount in controversy as pleaded in the Complaint, the Court construes the motion to dismiss as one for lack of subject matter jurisdiction despite the Defendants' reliance on *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 66 (2009).

Subject-matter jurisdiction vests the Court with the power to adjudicate. "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). "[Q]uestions of

subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.* (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Section 1332(a) contemplates "diversity jurisdiction when two requirements are satisfied. First, the 'matter in controversy' must 'exceed[ ] the sum or value of $75,000.' And second, the controversy must arise between 'citizens of different States.'" *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020) (citations omitted) (quoting 28 U.S.C. § 1332).

"In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "Dismissal for failure to meet the amount in controversy is therefore appropriate only where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction." *Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159–60 (4th Cir. 2024) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). "[T]he Supreme Court has advised that unless a law requires a different approach, the damages the plaintiff claims in good faith determine[s] the amount in controversy." *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288).

Ms. Tuhus and Ms. Abramoff challenge whether MVP has satisfied the amount-in-controversy threshold of $75,000. They assert that MVP has only alleged monetary damages totaling at least $45,629.50. Thus, they claim a $29,371.63 deficit remains. MVP responds that it additionally seeks a permanent injunction and punitive damages. Thus, MVP asserts it has properly stated a claim for relief.

It is clear the Defendants do not account for all damages sought by MVP in their cramped reading of the Complaints. In addition to the monetary damages pled as to the claim for tortious interference, MVP is, as noted, seeking (1) punitive damages and (2) a permanent injunction.

Punitive damages are sought pursuant to *West Virginia Code* § 55-7-29(c). When determining the amount in controversy, a court may also consider punitive damages if available under the law. *See Med-Surg Group, Inc. v. Aetna Health Mgmt., Inc.*, 832 F. Supp. 2d 659, 661–62 (S.D. W. Va. 2011). "But punitive damages should bear a reasonable relationship to the harm that was likely to occur and the harm that actually occurred." *Id.* at 661. As Defendants note, punitive damages are not a basis for an independent cause of action in West Virginia. *See, e.g., Miller v. Carelink Health Plans, Inc.*, 82 F. Supp. 2d 574, 579 n.6 (S.D. W. Va. 2000) (citing *Cook v. Heck's Inc.*, 176 W. Va. 368, 342 S.E.2d 453, 461 n.3 (W. Va. 1986)); *Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154, 2019 WL 3304814, at *4 (N.D.W. Va. July 23, 2019). However, inasmuch as MVP makes a demand for punitive damages in its "Wherefore" clause, it is permitted to pursue punitive damages as a potential remedy. *See Slampak*, 2019 WL 330481, at *4

Second, MVP is also seeking a permanent injunction. "In a suit for injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'" *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 n. 9 (S.D.W. Va. 2011) (citing *Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir.2003)); *see, e.g., Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here MVP is seeking to enjoin the Defendants from entering the Subject Property and interfering with construction of the Project. MVP claims it suffered a loss $45,629.50 in salaries, wages, and other expenses incurred through the delay on September 7, 2023. [ECF 1 at 5]. Additional Project interference could result in similar losses.

The parties are thus diverse and the amount in controversy exceeds $75,000. The Court thus possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, the

Court **DENIES** Ms. Tuhus and Ms. Abramoff's Motion to Dismiss [**ECF 26**] and **DENIES** MVP's Motion to Strike Defendants' Motion to Dismiss [**ECF 28**].

C.  *Unopposed Motion to Amend Motion to Dismiss*

Ms. Tuhus and Ms. Abramoff assert their previously styled Motion for Abstention [ECF 14] is, in substance, a motion to dismiss. Accordingly, they move to amend the motion to include supplemental argument pursuant to Rule 12(b)(6). The request is unopposed.

The Court **DENIES** the Defendants' Unopposed Motion to Amend Motion to Dismiss [**ECF 39**]. The parties may raise these arguments anew at the summary judgment stage of proceedings.

### III.

The Court **GRANTS** MVP's Motion to File Memorandum of Supplemental Authority in Response to Defendants' Motion for Abstention [**ECF 25**], **DENIES** Defendants' Motion for Abstention [**ECF 14**], Defendants' Motion to Dismiss [**ECF 26**], MVP's Motion to Strike Defendants' Motion to Dismiss [**ECF 28**], and Defendants' Unopposed Motion to Dismiss to Include Supplemental Grounds Pursuant to Federal Rule of Civil Procedure 12(b)(6) [**ECF 39**].

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTERED:     September 9, 2024



Frank W. Volk
United States District Judge