**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

v.                                                    **CIVIL ACTION NO. 5:23-cv-00625**

**MELINDA ANN TUHUS,**

      **Defendant.**


**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

v.                                                    **CIVIL ACTION NO. 5:23-cv-00626**

**ROSE ZHENG ABRAMOFF,**

      **Defendant.**

<u>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**</u>

      Mountain Valley Pipeline, LLC ("MVP"), in support of its Motion to Compel ("Motion"), states as follows:

**LEGAL STANDARD**

      Fed. R. Civ. P. 37(a)(3) allows a party to move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or fails to produce documents or respond that inspection will be permitted. Fed. R. Civ. P. 37(a)(4) states that "[f]or purposes of this subdivision(a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

      Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Further, "the discovery rules are to be liberally construed so that full benefit can be

derived from their use." *Jackson v. Kroblin Refrigerated Xpress, Inc.*, 49 F.R.D. 134, 138 (N.D. W. Va. 1970).

## ARGUMENT

In their discovery responses, Defendants raise the same objections to nearly all Interrogatories and several Requests for Production and Requests for Admission. Because many of these objections are general in nature and not specific to any particular request, MVP addresses each as a whole. The first is Defendants' assertion that the Fifth Amendment shields them from responding to Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11 as well as Requests for production 3, 4, and 8 and Request for Admission 3.[1] Second, Defendants assert that the First Amendment also shields them from responding to Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11 as well as Requests for production 3, 4, and 8 and Request for Admission 3. In support of these objections, Defendants' generally respond by stating:

> Furthermore, while expressly maintaining the above objections, to the extent this request seeks information relevant to this proceeding, Defendant Abramoff asserts the Fifth Amendment privilege against self-incrimination. Answering could have a tendency to incriminate Defendant, and she asserts the First Amendment associational, speech, and expressive privileges as answering would infringe on such privileges. Defendant Abramoff further asserts the Fifth and First Amendment privileges in regards to the request to produce a privilege log with the requested information, as the nature of any information being withheld is self-evident based on the question and further describing any information undisclosed due to such privileges would itself result in the disclosure of constitutionally protected information.

In the interest of judicial economy, MVP has excluded this from its verbatim recitation of the responses below. The complete responses are attached as <u>Exhibits C & D</u> to the Motion to Compel.

---

[1] MVP sent two separates sets of discovery at issue here: one to Defendant Melinda Tuhus ("Tuhus") and one to Defendant Rose Abramoff ("Abramoff"). These requests were identical in substance but due to an error in Tuhus' requests, the numbering is slightly different. For brevity, MVP will include excerpts from the requests sent to Abramoff and reference the numbers to that set. The full set of Discovery to Abramoff is attached as <u>Exhibit D</u> to the Motion to Compel. In compliance with Local Rule 37.01(c), MVP also attached the full set of Discovery sent to Tuhus as <u>Exhibit C</u> to the Motion to Compel.

Additionally, Defendants have taken issue with the use of the term "entries" and "aiding and abetting," as identified in Interrogatories 1, 8, and 11 as well as Request for Production 8. Finally, on top of each of these objections, Defendants also object to certain Interrogatories and Requests for Production as unduly burdensome and irrelevant, each of these will be addressed individually as they relate the relevant Interrogatory or Request for Production.

## I.     The Fifth Amendment is necessarily waived when a guilty plea is entered.

By resolving their criminal complaints via a guilty plea, Defendants have waived their protections under the Fifth Amendment. In *McCarthy v. U.S.*, the United States Supreme Court specifically held "[a] defendant who enters [a guilty] plea simultaneously waives several constitutional rights, ***including his privilege against compulsory self-incrimination***." 394 U.S. 459, 466 (1969) (emphasis added). McCarthy was a defendant who was not specifically asked, in compliance with Fed. R. Crim. P. 11, whether he understood the charges against him and the consequences of his plea. *Id*. at 464. In discussing the importance of Rule 11, the Supreme Court was particularly concerned with the consequence of waiving several constitutional rights.

Here, Defendants were both criminally charged with destruction of property, making false statements to an officer, trespass, and violation of the Critical Infrastructure Protection Act. Since being charged, Defendants have pleaded guilty to trespass. *See* Tuhus' plea agreement attached to the Motion to Compel as <u>Exhibit A</u> and Abramoff's plea agreement attached to the Motion to Compel as <u>Exhibit B.</u> Unlike in *McCarthy*, there is no assertion here that Rule 11 was not followed in entering their guilty plea. As part of the agreement, Plaintiffs agreed to plead guilty to trespass and the State agreed to dismiss the other claims. Through the plea agreement, Defendants have waived their Fifth Amendment protections against self-incrimination as to their trespass. Similarly, Defendants have waived their Fifth Amendment protections against self-incrimination

as to destruction of property, making false statements to an officer, and violation of the Critical Infrastructure Protection Act via dismissal of the same in conjunction with the plea agreement. Because charges against Defendants have been dismissed, Defendants are protected against double jeopardy and cannot be charged again for destruction of property, making false statements to an officer, trespass, or violation of the Critical Infrastructure Protection Act.

In their August 26, 2024 Letter, Defendants point to several cases to suggest they have not waived their Fifth Amendment right against self-incrimination. Exhibit G to Motion to Compel at 2–5. This is untrue. Defendants have waived this right through their guilty plea under *McCarthy*. On the contrary, the cases cited allow for a narrow exception to this rule "***if the witness is still subject to a realistic risk of incrimination on other charges***." *U.S. v. Rodriguez*, 706 F.2d 31, 36 (2d Cir. 1983). Defendants then claim they "retain their Fifth Amendment privileges with respect to any potential future state charges that might be brough in relation to the allegation of property damage—***charges which were not disposed of as a result of Defendants' guilty plea***. Exhibit G to Motion to Compel at 3. This is plainly false. As explained above, Defendants were charged with unlawful injury to or destruction of property. Additionally, because Defendants were also charged with violation of the Critical Infrastructure Protection Act, which was similarly dismissed, they have also avoided criminal prosecution there. Contrary to Defendants' assertion, MVP and, more importantly, this Court, does not need to speculate as to the possibility of criminal action—it is a legal impossibility. Exhibit G to Motion to Compel at 3 (quoting *Sharp*, 920 F.2d 1167, 1170 (4th Cir. 1990). The charges have been brought and dismissed and, therefore, there is no risk Defendants will be charged again.

MVP seeks an order compelling Defendants to fully respond to Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11 as well as Requests for production 3, 4, and 8 and Request for Admission 3 because

Defendants have pleaded guilty to trespass and the remaining charges have been dismissed, preventing Defendants from being charged again.

## II.    The First Amendment is necessarily waived when a guilty plea is entered.

Defendants incorrectly state that MVP believes "posting about civil disobedience on the internet amounts to the perpetuation of a crime."  On the contrary, MVP recognized Defendants' ability to post online, but believes these public posts are relevant to its claims, in particular those for civil conspiracy.  "The party asserting the privilege must demonstrate that the privilege applies and that compelled disclosure will chill associational rights and activities." *Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 205 (S.D.W. Va. 2011).  The balancing test for whether information seemingly protected by the First Amendment should nevertheless be produced includes: "(1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information." *Id.*  Further, "'[t]he trial court must also determine the validity of the claimed First Amendment privilege.  Only after examining all of these factors should the court decide whether the privilege must be overborne by the need for the requested information.'" *Id.* at 205 (quoting *Grandbouche v. Clancy*, 825 F.2d 1463, 1466 (10th Cir. 1987) (internal citation omitted)).

As further outlined below, each of the requests is particularly relevant to MVP's claims and is necessary to prove its case. This information is not available from another source—if it were, MVP would have obtained it itself, as evidence by MVP's gathering information surrounding Defendants' criminal charges in West Virginia.  Defendants, in many instances, are the only people in possession of certain information.  Finally, the information is not, generally, sensitive in nature.  Instead, MVP seeks general information to prove its case for permanent

injunction, tortious interference, violation of the Critical Infrastructure Protection Act, and civil conspiracy.

Defendants have flatly ignored their requirement to prove the validity of their privilege and instead make blanket statements like "attempting to answer would infringe on [their First Amendment] privileges."   In particular, the requests are generally narrowed to information surrounding the Defendants—not their associates. MVP seeks for Defendants to identify people with discoverable information and who participated in protests (lending itself to fact witnesses in this case and how Defendants will rely on them); addresses where they stayed in the lead up and immediately following the protest (identify others who aided their efforts to commit the crimes at issue, thereby furthering claims for conspiracy); social media accounts (identifying posts and interactions which tend to show their involvement and assistance in similar protests); dates and locations of other protests against MVP (showing their propensity to continually commit similar crimes, justifying the need for an injunction); communications re MVP, Appalachians Against Pipelines, or the protest described in the Complaint (to include communications concerning the lead up to, the protests, and the immediate aftermath); social media posts re MVP, Appalachians Against Pipelines, or the protest described in the Complaint (proving authenticity of posts directly relevant to the crimes at issue in the Complaint); bank statements (proof that they were not hired to commit these crimes or otherwise compensated for the same); documents related to denial of any requests for admission (showing any proof they have to deny any of the requests for admission).

These requests are routinely within the scope of discovery and the notion that Defendants do not have to provide the same solely because the root of the civil action involves a protest flies in the face of the Federal Rules of Civil Procedure.  Plaintiffs have not, and cannot, show how

responding to these requests and producing the relevant documents would in any way chill their First Amendment rights. As such, they should be compelled to respond to Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11 as well as Requests for production 3, 4, and 8 and Request for Admission 3.

## III.    Interrogatories

In addition to the above objections, Defendants take further issue with Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11. Defendants' primary concerns are undue burden and relevance, neither of which they fully explain in their responses or through the meet and confer process. Each interrogatory is addressed in turn.

### a.    Interrogatory No. 1

Interrogatory Number 1 states:

Please identify all persons with discoverable information about any other entries and state the substance of information possessed by each such person.

Defendants Responded by stating:

OBJECTION. The definition of "entries" in paragraph 11 above including "*the unauthorized entries on MVP easements or property described in the Complaint and any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries*" is overbroad, vague and not time limited. Additionally, a response requiring Defendant Abramoff to identify "*all persons with discoverable information*" regarding "*any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries*" is oppressive in that the MVP has been under construction for many years, and has had numerous instances of protest and/or other actions MVP has alleged to constitute trespasses. Among other reasons, the request is vague insofar as it calls for the Defendant to speculate as to legal conclusions about which "entries" are "unauthorized" and as to what constitutes the "aiding and abetting of such entries." It is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This interrogatory simply asks for identification of individuals with discoverable information. It is likely Defendants had assistance either traveling to, coordinating, providing

supplies, among other things, from other individuals.  There are undoubtedly additional individuals who have information directly relevant to this case.

Defendants first object to the definition of the term "entries." During the meet and confer call, the parties agreed to redefine the term to "the incident" or "September 7 incident," to understand "entries" or incidents" refer to demonstrations on MVP's easements or property, that Defendant is not conceding that the "entries or "incidents" are not *per* se unlawful, and "aiding and abetting" includes only the material assistance to demonstrations on MVP property or easements—not mere presence at a demonstration in a public location adjacent to MVP property or easements.

Defendants claim this request is vague and not proportional to the needs of the case, but this is untrue.  "Although the pleadings are the starting point from which relevancy and discovery are determined . . . relevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information." *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 199 (N.D.W. Va. 2000) (internal citations omitted). Rather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes. *Id.* Therefore, courts broadly construe relevancy in the context of discovery. *Id.* The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Richardson v. Ford Motor Co.*, No. 3:13-CV-06529, 2014 WL 6471499, at *1 (S.D.W. Va. Nov. 18, 2014).  For concision, the foregoing authorities will hereinafter be referred to as "the Relevance Authorities."

Defendants are the only ones with this information and cannot show how providing such information would be oppressive.  MVP only seeks identification of these individuals, it does not ask Defendants for any information outside of their possession.  Additionally, Defendants claim

this is vague, but cannot explain how.  The information sought is very straightforward: identification of individuals with discoverable information.  Defendants claim this is vague because of the length of time the pipeline was under construction.  The project is not so old that Defendants wouldn't remember participating in another trespass on MVP's property.  Defendants should be compelled to respond to this Interrogatory.

### b.  Interrogatory No. 2

<u>Interrogatory Number 2</u> states:

> Please identify the addresses and the owners of all residences you have had, or in which you have stayed overnight for more than three consecutive nights, since September 1, 2023, and the periods of time that you resided or stayed there.

Defendants Responded by stating:

> OBJECTION. The request is intended to harass Defendant and is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case. Disclosure of the requested information would constitute a gross violation of Defendant's personal privacy not warranted by any needs of this litigation.

This Interrogatory seeks the addresses and owners of any residences they stayed at for more than three nights beginning on September 1, 2023. Defendants claim this request is "intended to harass" by seeking information not relevant to the proceeding. As outlined above, *Kidwiler* expressly states that the discovery rules are broadly construed, and relevancy is not limited by the exact issues identified in the proceedings.  Additionally, under *Richardson*, the onus to prove the information is not relevant is on the party resisting discovery.

Defendants provide no reasoning to show the interrogatory is in any way not relevant. The interrogatory seeks information which would show where Defendants stayed in the lead up and aftermath of the trespass at issue in the case. It is important that MVP know the facts and details surrounding the trespass to prove its case.  This is no exception. Defendants should be compelled to respond to this Interrogatory.

### c. Interrogatory No. 5

<u>Interrogatory Number 5</u> states:

Please identify the carrier, number, account number, owner, and current whereabouts of any cellphone you have used or had in your possession since September 1, 2023.

Defendants Responded by stating:

OBJECTION. The request is intended to harass Defendant and is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case. Additionally, disclosure of the requested information would constitute a gross violation of Defendant's personal privacy not warranted by any needs of this litigation.

This Interrogatory seeks information concerning the Defendants' cell phone information.

Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to prove irrelevance is on Defendants.

Similarly, Defendants have not described with any specificity the burden—in terms of hours or expense—they would have to bear in responding to MVP's request, as required to substantiate an objection based on undue burden. *Mason v. Health Mgt. Associates, LLC*, No. 3:10-CV-00472-KDB, 2023 WL 362512, at *3 (W.D.N.C. Jan. 23, 2023); *see Mason v. Health Mgmt. Assocs., LLC*, No. 3:10-CV-00472-KDB, 2022 WL 4388288, at *2 (W.D.N.C. Sept. 22, 2022) ("[t]he party resisting discovery bears the burden of persuading the Court of the legitimacy of its objections."); *see also Papanicolas v. Project Execution & Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015) (party opposing discovery must "allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence"). For concision, the foregoing authorities will hereinafter be referred to as "the Undue Burden Authorities."

Without support, Defendants claim the request is both overly broad and irrelevant. This request is narrow to only information concerning each Defendants' cell phone—it is hard to imagine how information concerning ones personal cell phone would be unduly burdensome to gather. Defendants are the only ones with access to this information and therefore should be compelled to provide the same. The information is directly relevant to the case because it has a tendency to show calls, texts, and online searches conducted in the lead up, during, and immediate aftermath of the trespass. Defendants should be compelled to produce the information.

**d. Interrogatory No. 6**

Interrogatory Number 6 states:

Please identify all of your social media accounts and user names since July 1, 2023. Defendants Responded by stating:

> OBJECTION. The request is intended to harass Defendant is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case. Additionally, disclosure of the requested information would constitute a gross violation of Defendant's personal privacy not warranted by any needs of this litigation.

This Interrogatory seeks information concerning the Defendants' social media presence. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to show irrelevance is on the Defendants. Similarly, Defendants have failed to show any burden, as required by the Undue Burden Authorities.

Defendants cannot show how collecting information about their own social media presence would be unduly burdensome—as with many of these requests, Defendants are the only ones who can provide accurate information. Also, this information is relevant to the claims at bar because the Defendants seem to be active on social media and have shown a propensity to post about their activities participating in various trespasses online. There is no doubt there could be relevant

information on various social media platforms.  Defendants should be compelled to respond to this interrogatory.

### e.  Interrogatory No. 7

Interrogatory Number 7 states:

Please identify all of your email accounts and email addresses since July 1, 2023.

Defendants Responded by stating:

> OBJECTION. The request is intended to harass Defendant and is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case. Additionally, disclosure of the requested information would constitute a gross violation of Defendant's personal privacy not warranted by any needs of this litigation.

This Interrogatory seeks information concerning the Defendants' email accounts. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to show irrelevance is on the Defendants.  Similarly, Defendants have failed to show any burden as required by the Undue Burden Authorities.

Defendants have failed to explain how this request is either unduly burdensome or irrelevant.  Again, this is information only Defendants can confirm and should not be difficult to provide.  Additionally, it is possible Defendants used email to communicate with others to plan and participate in the trespasses at issue in this case.  Defendants should be compelled to respond to this request.

### f.  Interrogatory No. 8

Interrogatory Number 8 states:

Please state the dates, locations, and your activities at any entries that you have attended in the last 10 years.

Defendants Responded by stating:

> OBJECTION. The definition of "entries" in paragraph 11 above including "*the unauthorized entries on MVP easements or property described in the Complaint and any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries*" is overbroad, vague and not time limited. Among other reasons, the request is vague insofar as it calls for the Defendant to speculate as to legal conclusions about which "entries" are "unauthorized" and as to what constitutes the "aiding and abetting of such entries." And it is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This Interrogatory seeks information concerning the Defendants' propensity to trespass. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to prove irrelevance is on Defendants. Similarly, Defendants have failed to show any burden, as required by the Undue Burden Authorities.

Defendants first object to the definition of the term "entries." During the meet and confer call, the parties agreed to redefine the term to "the incident" or "September 7 incident," to understand "entries" or incidents" refer to demonstrations on MVP's easements or property, that Defendant is not conceding that the "entries or "incidents" are not *per se* unlawful, and "aiding and abetting" includes only the material assistance to demonstrations on MVP property or easements—not mere presence at a demonstration in a public location adjacent to MVP property or easements.

Defendants also claim this request is unduly burdensome and irrelevant. Defendants are the only people who know whether they participated in the unauthorized entry onto MVP's property and collecting information cannot be difficult for them—hence why they have provided no information in support of this contention. Further, the request is relevant to the claims in this case as it shows their propensity to commit similar crimes and continue to trespass on others' property. Defendants should be compelled to respond to this interrogatory.

### g.  Interrogatory No. 10

Interrogatory Number 10 states:

Please identify all individuals that you are aware are associated with Appalachians Against Pipelines.

Defendants Responded by stating:

OBJECTION. To Defendant's knowledge and belief, "Appalachians Against Pipelines" is not a jural entity, and the concept of what constitutes "associated with" a non-jural entity is not defined or a matter of ordinary understanding. The request is, therefore, vague. Further, assuming the foregoing defect as cured, the request is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case.

This Interrogatory seeks information concerning the Defendants' knowledge of those associated with Appalachians Against Pipelines. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issue identified in the proceedings and the onus to prove irrelevance is on Defendants.  Similarly, Defendants have failed to show any burden, as required by the Undue Burden Authorities.

Appalachians Against Pipelines, as an organization, has shown it has taken an interest in stopping construction and operation on the Mountain Valley Pipeline.  Additionally, Appalachians Against Pipelines have shown particular support for the September 7 incident identified in the Complaint.  As such, MVP is entitled to know who, if anyone, Defendants are aware of that are associated with Appalachians Against Pipelines.  This is directly relevant to this case to show the network of conspirators involved in Defendant's trespass.  Additionally, it would seem, from the limited information MVP has been able to gather, that Defendants are involved in Appalachians Against Pipelines and, therefore, would have first hand knowledge of those individuals who are also associated with the organization. Defendants feign ignorance, claiming Appalachians Against Pipelines is a "non-jural" entity and could include "anybody from Appalachia who opposes development of pipelines[.]"  This is a gross misrepresentation of the intention and, as explained

14

during the meet and confer call, MVP is seeking information about the entity operating the Appalachians Against Pipelines Facebook page. Defendants should be compelled to respond to this interrogatory.

### h. Interrogatory No. 11

Interrogatory Number 11 states:

> Please identify all persons known to you who have been involved in any entries and identify all documents relating to their involvement.

Defendants responded by stating:

> OBJECTION. The definition of "entries" in paragraph 11 above including "the unauthorized entries on MVP easements or property described in the Complaint and any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries" is overbroad, vague and not time limited. Additionally, a response requiring Defendant Abramoff to identify "all persons known to you who have been involved' and "all documents relating to their involvement" regarding "any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries" is oppressive in that the MVP has been under construction for many years, and has had numerous instances of protest and/or other actions MVP has alleged to constitute trespasses. Among other reasons, the request is vague insofar as it calls for the Defendant to speculate as to legal conclusions about which "entries" are "unauthorized" and as to what constitutes the "aiding and abetting of such entries." And it is overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This Interrogatory seeks information concerning the Defendants' knowledge of other individuals involved in "entries." Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to show irrelevance is on Defendants. Similarly, Defendants have failed to show any burden as required by the Undue Burden Authorities.

Defendants first object to the definition of the term "entries." During the meet and confer call, the parties agreed to redefine the term to "the incident" or "September 7 incident," to

understand "entries" or incidents" refer to demonstrations on MVP's easements or property, that Defendant is not conceding that the "entries or "incidents" are not *per* se unlawful, and "aiding and abetting" includes only the material assistance to demonstrations on MVP property or easements—not mere presence at a demonstration in a public location adjacent to MVP property or easements.

Defendants also object to the request as unduly burdensome and irrelevant. This assertion is unsupported and plainly faulty. MVP has asserted a claim for conspiracy and seeks a permanent injunction. The information sought lends itself to show both Defendants propensity to continue to commit similar crimes and to provide additional evidence to support MVP's claim for conspiracy. This information is directly relevant to at least two of MVP's claims and is only known by Defendants and should not be difficult to compile. Defendants should be compelled to respond to this request.

## IV.    Requests For Production

In addition to the constitutional objections, Defendants also take issue with requests for production 3, 4, and 8. Defendants' primary concerns are undue burden and relevance, neither of which they fully explain in their responses or through the meet and confer process. Each request for production is addressed in turn.

### a.    Request for Production No. 3

Request for Production Number 3 states:

Please provide copies of all communications, including text messages, social media messages, group chats, or other correspondence with any person or entity concerning MVP, Appalachians Against Pipelines, or the entries described in the Complaint.

Defendants Responded by stating:

OBJECTION. To Defendant's knowledge and belief, "Appalachians Against Pipelines" is not a jural entity, and the concept of what constitutes a communication

concerning a non jural entity is not defined or a matter of ordinary understanding. Further, the request for "all communications, including text messages, social media messages, group chats, or other correspondence with any person or entity concerning MVP, Appalachians Against Pipelines, or the entries described in the Complaint" is vague, not time limited, and overbroad to the extent that it seeks information that is not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This Request for Production seeks information concerning communications concerning MVP, Appalachians Against Pipelines, or the circumstances surrounding the Complaint. Defendants claim the request is overly broad and not relevant. As outlined in the Relevancy Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to irrelevance is on the Defendants.  Similarly, Defendants have failed to show any burden as required by the Undue Burden Authorities.

This information is directly relevant to all claims made in this case. It shows Defendants' propensity to commit such crimes and lends itself to additional information surrounding the September 7 entry.  This information is limited only to the facts surrounding the Complaint and, as such is not unduly burdensome. Because this information is both relevant and not unduly burdensome, and Defendants have failed to argue otherwise, Defendants should be compelled to respond to this Request.

### b.  Request for Production No. 4

<u>Request for Production Number 4</u> states:

Please provide copies of all social media posts you have interacted with (posted, commented on, reacted to, etc.) concerning MVP, Appalachians Against Pipelines, or other entries described in the Complaint.

Defendants Responded by stating:

OBJECTION. To Defendant's knowledge and belief, "Appalachians Against Pipelines" is not a jural entity, and the concept of what constitutes an interaction concerning a non-jural entity is not defined or a matter of ordinary understanding.

The definition of "entries" in paragraph 11 above including "the unauthorized entries on MVP easements or property described in the Complaint and any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries" is overbroad, vague and not time limited. Among other reasons, the request is vague insofar as it calls for the Defendant to speculate as to legal conclusions about which "entries" are "unauthorized" and as to what constitutes the "aiding and abetting of such entries." The request for "copies of all social media posts you have interacted with (posted, commented on, reacted to, etc.) concerning MW, Appalachians Against Pipelines, or other entries described in the Complaint" is vague, not time limited, and overbroad to the extent it seeks information that is not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This Request for Production seeks copies of social media posts Defendants have interacted with concerning MVP, Appalachians Against Pipelines, or the September 7 entry. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to show irrelevance is on Defendants. Similarly, Defendants have failed to show any burden as required by the Undue Burden Authorities.

Defendants first object to the definition of the term "entries." During the meet and confer call, the parties agreed to redefine the term to "the incident" or "September 7 incident," to understand "entries" or incidents" refer to demonstrations on MVP's easements or property, that Defendant is not conceding that the "entries or "incidents" are not *per se* unlawful, and "aiding and abetting" includes only the material assistance to demonstrations on MVP property or easements—not mere presence at a demonstration in a public location adjacent to MVP property or easements.

Defendants fail to otherwise argue how this information is irrelevant, because the Request is narrowed to specifically seek information relevant to the issues outlined in the Complaint. As explained above, the information only concerns MVP, Appalachians Against Pipelines, and the

18

allegations in the Complaint—the Request could not be more focused on the issues at the heart of this Complaint. Additionally, Defendants cannot point to how this Request is unduly burdensome. As with most of the information sought in this Motion, Defendants are the only ones with access to this information and, therefore, are the only ones who are able to provide it. Because the information is directly relevant to the case and Defendants are the ones with access to the information, Defendants should be compelled to produce responsive documents.

### c. Request for Production No. 8

<u>Request for Production Number 8</u> states:

> Produce all documents related to any entry in which you have participated in the past 10 years.

Defendants Responded by stating:

> OBJECTION. The definition of "entries" in paragraph 11 above including "*the unauthorized entries on MVP easements or property described in the Complaint and any other unauthorized entries on MVP easements or property and any aiding or abetting of such entries*" is overbroad, vague and not time limited. Among other reasons, the request is vague insofar as it calls for the Defendant to speculate as to legal conclusions about which "entries" are "unauthorized" and as to what constitutes the "aiding and abetting of such entries." And it is overbroad to the extent that it seeks documents that are not relevant to this proceeding and proportional to the needs of the case, which involves allegations by Plaintiff pertaining to a single alleged trespass purported to last approximately five hours in September, 2023 at a single location in Summers County, West Virginia.

This Request for Production seeks documents related to other entries they have participated in. Defendants claim the request is overly broad and not relevant. As outlined in the Relevance Authorities, relevancy is not limited by the exact issues identified in the proceedings and the onus to irrelevance is on Defendants. Similarly, Defendants have failed to show any burden as required by the Undue Burden Authorities.

## V.    Request for Admission No. 3.

Request for Admission No. 3 merely asks that the Defendants confirm they are included in certain photographs and online images publicly posted that are attached as Exhibit A to the Complaint. They object on First and Fifth Amendment grounds and that the photos and images "speak for themselves." The First and Fifth Amendment grounds fail for the same reasons previously stated and moreover as the Defendants images are public record. They do not necessarily speak for themselves inasmuch as MVP is entitled to know if they intend to argue they are not the persons appearing in the images. It is a simple request and the refusal to answer is unjustified.

WHEREFORE, MVP requests this Court grant its Motion to Compel complete responses to Interrogatories 1, 2, 5, 6, 7, 8, 10, and 11 and produce all documents responsive to Request for Production Nos. 3, 4, and 8 and Request for Admission 3.

**Mountain Valley Pipeline, LLC**
by Counsel,


*/s/ Austin D. Rogers*
Timothy M. Miller, Esquire (WVSB #2564)
Matthew S. Casto, Esquire (WVSB #8174)
Robert M. Stonestreet, Esquire (WVSB # 9370)
Jennifer J. Hicks, Esquire (WVSB # 11423)
Austin D. Rogers, Esquire (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com
*Counsel for Plaintiff*

20

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 5:23-cv-00625**

**MELINDA ANN TUHUS,**

      **Defendant.**

**MOUNTAIN VALLEY PIPELINE, LLC,**

      **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 5:23-cv-00626**

**ROSE ZHENG ABRAMOFF,**

      **Defendant.**

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned, as counsel for Plaintiff Mountain Valley Pipeline, LLC hereby certifies that on September 20, 2024, I electronically filed the **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** with the Clerk of the Court via the CM/ECF system which will send electronic notification to counsel of record as follows:

William V. DePaulo, Esq.
P.O. Box 1711
Lewisburg, WV 24901

Jonathan Sidney
Climate Defense Project
P.O. Box 97
Forest Hill, WV
*Counsel for Defendants*

*/s/ Austin D. Rogers*
Austin D. Rogers, Esquire (WVSB #13919)

21