UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.                                                                       CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

        Defendants.

## ANSWER OF MELINDA ANN TUHUS

Now comes Defendant Melinda Ann Tuhus ("Ms. Tuhus"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and responds as follows to the Complaint filed against her by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I.   Response to Complaint

Without waiving any other objection to the legal sufficiency of the Complaint which she has raised or may raise, including the Complaint's failure to state a claim upon which relief can be granted, Ms. Tuhus answers or otherwise responds to the Complaint as follows:

1. Ms. Tuhus lacks sufficient information to admit or deny the allegations in Paragraph 1, and therefore she denies the same.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted based on the information known to Ms. Tuhus at this time. Ms. Tuhus disputes that the amount in controversy plausibly exceeds $75,000.

4. Paragraphs 4-5 are admitted.

5. Paragraph 6 solely restates and incorporates previous allegations.

6. Paragraph 7 is admitted insofar as the Project was being constructed through Summers County, West Virginia at the time the Complaint was filed. Ms. Tuhus lacks sufficient information to admit or deny that that the Project is currently being constructed through Summers County, West Virginia, and she therefore denies the same.

1

7. Paragraph 8 is admitted without any concession of the constitutionality of the statutory scheme set forth within.

8. Paragraph 9 is admitted without any concession that the authorization referenced within was lawful and valid.

9. Ms. Tuhus lacks sufficient information to admit or deny Paragraph 10, and she therefore denies the same.

10. Ms. Tuhus lacks sufficient information to admit or deny the allegations in paragraph 11, and she therefore denies the same.

11. With respect to paragraphs 12 and 13, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

12. Paragraph 14 solely restates and incorporates previous allegations.

13. Paragraph 15 states a legal conclusion for which no response is necessary.

14. Paragraphs 16-17 are denied.

15. With respect to the allegations in paragraph 18 generally, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis. Ms. Tuhus denies that she will not be harmed in any way by the grant of a preliminary injunction.

16. With respect to paragraph 19, notwithstanding the conclusory Congressional findings set forth in § 324(b) of the Fiscal Responsibility Act, Ms. Tuhus denies that the Project is in the public interest.

17. The allegation in paragraph 20 that MVP will be irreparably harmed in a way that is not correctable with monetary damages without a preliminary injunction is denied. With respect to the remaining allegation, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

2

18. The allegation in paragraph 21 that the balance of the equities is in MVP's favor is denied. With respect to the remaining allegation, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

19. With respect to paragraph 22, Ms. Tuhus denies that an injunction is in the public interest.

20. Paragraph 23 is denied.

21. Paragraph 24 solely restates and incorporates previous allegations.

22. Paragraph 25 states a legal conclusion for which no response is necessary.

23. Paragraph 26 is denied.

24. Paragraph 27 solely restates and incorporates previous allegations.

25. Paragraph 28 states a legal conclusion for which no response is necessary.

26. Ms. Tuhus lacks sufficient information to admit or deny paragraph 29, and she therefore denies the same.

27. With respect to the allegations in paragraphs 30-31, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis. Ms. Tuhus denies the allegations in paragraph 32.

28. Paragraph 33 solely restates and incorporates previous allegations.

29. Paragraphs 34-36 state legal conclusions for which no response is necessary.

30. Paragraph 37 is denied.

31. With respect to the allegations in paragraphs 38-39, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

32. Paragraph 40 solely restates and incorporates previous allegations.

33. Paragraph 41 states a legal conclusion for which no response is necessary.

34. With respect to the allegations in paragraphs 42-43, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

35. Paragraph 44 solely restates and incorporates previous allegations.

36. With respect to the allegations in paragraph 45, Ms. Tuhus asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art 3, § 5 and respectfully declines to answer on that basis.

37. With respect to paragraph 46, Ms. Tuhus denies that MVP is entitled to an award of punitive and exemplary damages.

38. With respect to paragraph 47, Ms. Tuhus admits that MVP is seeking damages pursuant to W. Va. Code. § 55-7-29 in excess of the jurisdiction amount in controversy. Ms. Tuhus again denies that MVP is entitled to an award of punitive damages.

39. Any allegations in the Complaint Ms. Tuhus does not expressly admit above are expressly denied, except to the extent Ms. Tuhus has asserted her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5. Ms. Tuhus denies that MVP is entitled to any relief whatsoever.

II. <u>Affirmative Defenses</u>

1. MVP lacks standing to bring a claim pursuant to W. Va. Code. § 61-10-34, to the extent such a claim is otherwise cognizable.

2. MVP cannot bring a claim for civil conspiracy in the absence of a cognizable underlying tort for which MVP has standing.

3. MVP cannot bring a claim for civil conspiracy against a sole defendant who is alleged to be a primary tortfeasor.

4. To the extent a claim for civil conspiracy would otherwise be cognizable in this action, it is duplicitous because it is merely a legal doctrine upon which liability might be imposed for tortious activity for which Ms. Tuhus is alleged to be the primary tortfeasor.

5. MVP cannot bring a claim for injunctive relief in the absence of a cognizable underlying tort for which MVP has standing.

6. MVP's request for injunctive relief is barred by the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine.

7. MVP's request for injunctive relief is barred in part by the First Amendment to the United States Constitution and W. Va. Const. Art. 3, §§ 7, 16.

8. MVP's requests for relief are barred in whole or in part by the doctrine of unclean hands.

9. The Complaint fails to state a claim upon which relief can be granted.

10. MVP's claims fail because, to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s) of its agents, or the action(s) or omission(s) of persons or entities other than Ms. Tuhus and/or her purported co-conspirators.

11. MVP's claims are barred by the doctrines of contributory and/or comparative negligence.

12. MVP's claims fail because MVP failed to mitigate any purported damages and has failed to exercise reasonable care to avoid the consequences of harms, if any, in that—among other things—MVP failed to take reasonable precautions to reduce any damages and losses.

13. MVP's claims are barred, in whole or in part, by the doctrines of estoppel, collateral estoppel, and waiver.

14. Ms. Tuhus specifically pleads and incorporates by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

15. MVP's claim for punitive damages is barred by the Constitutions of the State of West Virginia and the United States.

16. Ms. Tuhus reserves the right to assert any additional affirmative defense in this

matter, including, without limitation, the defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as any additional evidence adduced in this matter warrants.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

**MELINDA ANN TUHUS**

By Counsel

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North
Suite 300
Lewisburg, WV 25901
Phone: (304) 342-5588
Fax: (866) 850-1501
William.depaulo@gmail.com

Jonathan Sidney
*Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,
    Plaintiff,

v.                                                    CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
    Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 23rd day of September, 2024, and thereby served on Counsel for the Plaintiff as follows:

        Timothy M. Miller (WVSB #2564)
        Matthew S. Casto (WVSB #8174)
        Robert M. Stonestreet (WVSB # 9370)
        Jennifer J. Hicks (WVSB # 11423)
        Austin D. Rogers (WVSB #13919)
        **BABST CALLAND, P.C.**
        300 Summers Street, Suite 1000
        Charleston, WV 25301
        Telephone: 681.205.8888
        Facsimile: 681.205.8814
        tmiller@babstcalland.com
        mcasto@babstcalland.com
        rstonestreet@babstcalland.com
        jhicks@babstcalland.com
        arogers@babstcalland.com

                                                    /s/William V. DePaulo
                                                    William V. DePaulo