UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

    Plaintiff,

v.                                          CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

    Defendants.

### ANSWER OF ROSE ZHENG ABRAMOFF

Now come Defendant Rose Zheng Abramoff ("Dr. Abramoff"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, and responds as follows to the Complaint filed against her by Plaintiff Mountain Valley Pipeline, LLC ("MVP").

I.    Response to Complaint

Without waiving any other objection to the legal sufficiency of the Complaint which she has raised or may raise, including the Complaint's failure to state a claim upon which relief can be granted, Dr. Abramoff answers or otherwise responds to the Complaint as follows:

1. Dr. Abramoff lacks sufficient information to admit or deny the allegations in Paragraph 1, and therefore she denies the same.

2. Paragraph 2 is denied.

3. Paragraph 3 is admitted based on the information known to Dr. Abramoff at this time. Dr. Abramoff disputes that the amount in controversy plausibly exceeds $75,000.

4. Paragraph 4-5 are admitted.

5. Paragraph 6 solely restates and incorporates previous allegations.

6. Paragraph 7 is admitted insofar as the Project was being constructed through Summers County, West Virginia at the time the Complaint was filed. Dr. Abramoff lacks sufficient information to admit or deny that that the Project is currently being constructed through Summers County, West Virginia, and she therefore denies the same.

1

7. Paragraph 8 is admitted without any concession of the constitutionality of the statutory scheme set forth within.

8. Paragraph 9 is admitted without any concession that the authorization referenced within was lawful and valid.

9. Dr. Abramoff lacks sufficient information to admit or deny Paragraph 10, and she therefore denies the same.

10. Dr. Abramoff lacks sufficient information to admit or deny the allegations in paragraph 11, and she therefore denies the same.

11. With respect to paragraphs 12 and 13, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

12. Paragraph 14 solely restates and incorporates previous allegations.

13. Paragraph 15 states a legal conclusion for which no response is necessary.

14. Paragraphs 16-17 are denied.

15. With respect to the allegations in paragraph 18 generally, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis. Dr. Abramoff denies that she will not be harmed in any way by the grant of a preliminary injunction.

16. With respect to paragraph 19, notwithstanding the conclusory Congressional findings set forth in § 324(b) of the Fiscal Responsibility Act, Dr. Abramoff denies that the Project is in the public interest.

17. The allegation in paragraph 20 that MVP will be irreparably harmed in a way that is not correctable with monetary damages without a preliminary injunction is denied. With respect to the remaining allegation, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

18. The allegation in paragraph 21 that the balance of the equities is in MVP's favor is denied. With respect to the remaining allegation, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

19. With respect to paragraph 22, Dr. Abramoff denies that an injunction is in the public interest.

20. Paragraph 23 is denied.

21. Paragraph 24 solely restates and incorporates previous allegations.

22. Paragraph 25 states a legal conclusion for which no response is necessary.

23. Paragraph 26 is denied.

24. Paragraph 27 solely restates and incorporates previous allegations.

25. With respect to the allegation in paragraph 28 that MVP has specific rights outlined in this Complaint, Dr. Abramoff incorporates by reference her answer to any allegations of specific rights outlined elsewhere in the Complaint. Defendant admits that she does not have an ownership interest in the property at issue in this case, but denies that she did not have any right to access the public right of ways at issue in this litigation, as any member of the public would.

26. With respect to the allegations in paragraphs 29-32, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

27. Paragraph 33 solely restates and incorporates previous allegations.

28. Paragraph 34 states a legal conclusion for which no response is necessary.

29. Dr. Abramoff lacks sufficient information to admit or deny paragraph 35, and she therefore denies the same.

30. With respect to the allegations in paragraphs 36-37, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis. Dr. Abramoff denies

the allegations in paragraph 38.

31. Paragraph 39 solely restates and incorporates previous allegations.

32. Paragraphs 40-42 state legal conclusions for which no response is necessary.

33. Paragraph 43 is denied.

34. With respect to the allegations in paragraphs 44-45, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

35. Paragraph 46 solely restates and incorporates previous allegations.

36. Paragraph 47 states a legal conclusion for which no response is necessary.

37. With respect to the allegations in paragraphs 48-49, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

38. Paragraph 50 solely restates and incorporates previous allegations.

39. With respect to the allegations in paragraph 51, Dr. Abramoff asserts her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5 and respectfully declines to answer on that basis.

40. With respect to paragraph 52, Dr. Abramoff denies that MVP is entitled to an award of punitive and exemplary damages.

41. With respect to paragraph 53, Dr. Abramoff admits that MVP is seeking damages pursuant to W. Va. Code. § 55-7-29 in excess of the jurisdiction amount in controversy. Dr. Abramoff again denies that MVP is entitled to an award of punitive damages.

42. Any allegations in the Complaint Dr. Abramoff does not expressly admit above are expressly denied, except to the extent Dr. Abramoff has asserted her Fifth Amendment privilege and her corresponding privilege against self-incrimination under W. Va. Const. Art. 3, § 5. Dr. Abramoff denies that MVP is entitled to any relief whatsoever.

II. <u>Affirmative Defenses</u>

1. MVP lacks standing to bring a claim for trespass, to the extent such a claim is otherwise cognizable.

2. MVP lacks standing to bring a claim pursuant to W. Va. Code. § 61-10-34, to the extent such a claim is otherwise cognizable.

3. MVP cannot bring a claim for civil conspiracy in the absence of a cognizable underlying tort for which MVP has standing.

4. MVP cannot bring a claim for civil conspiracy against a sole defendant who is alleged to be a primary tortfeasor.

5. To the extent a claim for civil conspiracy would otherwise be cognizable in this action, it is duplicitous because it is merely a legal doctrine upon which liability might be imposed for tortious activity for which Dr. Abramoff is alleged to be the primary tortfeasor.

6. MVP cannot bring a claim for injunctive relief in the absence of a cognizable underlying tort for which MVP has standing.

7. MVP's request for injunctive relief is barred by the absence of irreparable harm, the presence of adequate remedies at law, and the mootness doctrine.

8. MVP's request for injunctive relief is barred in part by the First Amendment to the United States Constitution and W. Va. Const. Art. 3, §§ 7, 16.

9. MVP's requests for relief are barred in whole or in part by the doctrine of unclean hands.

10. The Complaint fails to state a claim upon which relief can be granted.

11. MVP's claims fail because, to the extent MVP suffered any damages, it did so as a result of its own action(s) or omission(s), the action(s) or omission(s) of its agents and/or contractors, or the action(s) or omission(s) of persons or entities other than Dr. Abramoff and/or her purported co-conspirators.

12. MVP's claims are barred by the doctrines of contributory and/or comparative

negligence.

13. MVP's claims fail because MVP failed to mitigate any purported damages and has failed to exercise reasonable care to avoid the consequences of harms, if any, in that—among other things—MVP failed to take reasonable precautions to reduce any damages and losses.

14. MVP's claims are barred, in whole or in part, by the doctrines of estoppel, collateral estoppel, and waiver.

15. Dr. Abramoff specifically pleads and incorporates by reference as an affirmative defense all applicable caps, limitations, and set-offs upon any award of damages, both compensatory and punitive, which are provided by law.

16. MVP's claim for punitive damages is barred by the Constitutions of the State of West Virginia and the United States.

17. Dr. Abramoff reserves the right to assert any additional affirmative defense in this matter, including, without limitation, the defenses recited in Rule 12 of the Federal Rules of Civil Procedure, as any additional evidence adduced in this matter warrants.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

ROSE ZHENG ABRAMOFF

By Counsel

/s/ William V. DePaulo
William V. DePaulo, Esq. #995
860 Court Street North
Suite 300
Lewisburg, WV 25901
Phone: (304) 342-5588
Fax: (866) 850-1501
William.depaulo@gmail.com

Jonathan Sidney
*Pro Hac Vice*
Colorado Bar No. 52463
Ohio Bar No. 0100561
Climate Defense Project
P.O. Box 97
Forest Hill, WV
Email: jsidney@climatedefenseproject.org
Telephone: (510) 318-1549

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,
    Plaintiff,

v.                                               CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
    Defendants.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 23rd day of September, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
BABST CALLAND, P.C.
300 Summers Street, Suite 1000
Charleston, WV 25301
Telephone: 681.205.8888
Facsimile: 681.205.8814
tmiller@babstcalland.com
mcasto@babstcalland.com
rstonestreet@babstcalland.com
jhicks@babstcalland.com
arogers@babstcalland.com

                                                                               /s/William V. DePaulo
                                                                               William V. DePaulo