UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,

        Plaintiff,

v.                                                                             CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF

        Defendants.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM *EX PARTE* AND UNDER SEAL

Defendants Melinda Ann Tuhus and Rose Zheng Abramoff, in support of their Motion for Leave to File Supplemental Memorandum *Ex Parte* and Under Seal, state as follows:

At the October 10, 2024 hearing in this matter, the Honorable Magistrate Judge Aboulhosn verbally granted defense counsel's request for leave to file a supplemental memorandum in response to the Motion to Compel of Mountain Valley Pipeline, LLC ("MVP") *ex parte*. Exceptional circumstances exist justifying this request and the Court's prior order. Out of an abundance of caution, Defendants respectfully requests that the Court enter a docketed order that confirms its prior verbal order granting the requested leave prior to their filing of the memorandum.

If a witness asserting the Fifth Amendment "were required to prove the hazard [of incrimination] in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). Thus, "[w]hen the incriminatory potential of a discovery request is not clear on its face, an *in camera* conference" is appropriate." *Estate of Fisher v. CIR*, 905 F. 2d 645, 650 (2d Cir. 1990). Accordingly, the Fourth Circuit has consistently approved *in camera* proceedings to evaluate assertions of the Fifth Amendment and other privileges. *See, e.g.*, *United States v. Wujkowski*, 929 F. 2d 981, 984 (4th Cir. 1991) (approving *in camera* review to assess

Fifth Amendment claim); *United States v. Bornstein*, 977 F. 2d 112, 117 (4th Cir. 1992) (approving *in camera* proffers to assess attorney-client privilege claim).

Other courts have also approved *ex parte* hearings and submissions to assess the validity of Fifth Amendment assertions. *See, e.g.*, *United States v. Kaneshiro*, No. 1:22-cr-00048-TMB-NC, 2024 WL 1885684, *4 (D. Haw. Apr. 29, 2024) (ordering *ex parte* hearing prior to testimony to determine validity of Fifth Amendment privilege); *Convertino v. U.S. Dept. of Justice*, 795 F. 3d 587, 595 (6th Cir. 2015) ("where no basis for invoking [the] Fifth Amendment privilege can be postulated in light of the setting and context of the case, a witness should be given the opportunity to support a claim of privilege through appropriately protected submissions or proceedings").

Alternatives to sealing, such as redaction, are inadequate to protect the Fifth Amendment interests at issue, as the memorandum will solely relate to discussion of potential charges based on potentially incriminating facts undisclosed at this time, and disclosed to this Court for the sole and limited purpose of enabling it to assess the applicability of Defendants' privilege assertions, if deemed necessary.[1] Defendants request that the supplemental memorandum be sealed permanently.

WHEREFORE, for the foregoing reasons and those further set forth in the accompanying memorandum, Defendants respectfully request leave to file their forthcoming, supplemental memorandum in response to the Motion to Compel of Plaintiff Mountain Valley Pipeline, LLC ("MVP") *ex parte* and under seal.

Respectfully submitted,

**MELINDA ANN TUHUS**
**ROSE ZHENG ABRAMOFF**

---

[1] This Court need not review or consider the information that will be contained in the forthcoming supplemental memorandum to the extent it finds sufficient grounds to fully sustain Defendants' exercise of the Fifth Amendment privilege based on the other pleadings filed.

                                                                      By Counsel

/s/ Jonathan Sidney                                     /s/ William V. DePaulo  
Jonathan Sidney                                       William V. DePaulo, Esq. #995  
*Pro Hac Vice*                                           860 Court Street North  
Colorado Bar No. 52463                         Suite 300  
Ohio Bar No. 0100561                           Lewisburg, WV 25901  
Climate Defense Project                        Phone: (304) 342-5588  
P.O. Box 97                                             Fax: (866) 850-1501  
Forest Hill, WV                                     William.depaulo@gmail.com  
Email: jsidney@climatedefenseproject.org  
Telephone: (510) 318-1549

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MOUNTAIN VALLEY PIPELINE, LLC,
        Plaintiff,
v.                                              CIVIL ACTION NO 5:23-CV-00625

MELINDA ANN TUHUS, and
ROSE ZHENG ABRAMOFF
        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically with the Clerk of the Court, this 18th day of October, 2024, and thereby served on Counsel for the Plaintiff as follows:

Timothy M. Miller (WVSB #2564)
Matthew S. Casto (WVSB #8174)
Robert M. Stonestreet (WVSB # 9370)
Jennifer J. Hicks (WVSB # 11423)
Austin D. Rogers (WVSB #13919)
**BABST CALLAND, P.C.**
300 Summers Street, Suite 1000
Charleston, WV  25301
Telephone:  681.205.8888
Facsimile:  681.205.8814

/s/William V. DePaulo
William V. DePaulo

4