IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MOUNTAIN VALLEY PIPELINE,
LLC,

    Plaintiff,

vs.                                                   Civil Action No. 5:23-cv-00625

MELINDA ANN TUHUS,

    Defendant.

MOUNTAIN VALLEY PIPELINE,
LLC,

    Plaintiff,

vs.                                                   Civil Action No. 5:23-cv-00626

ROSE ZHENG ABRAMOFF,

    Defendant.

# ORDER

        On October 10, 2024, the undersigned heard arguments concerning the Plaintiff's ***Motion to Compel*** (ECF No. 48) filed on September 20, 2024 and the Defendants' ***Response*** to same (ECF No. 53) filed on October 4, 2024. On October 11, 2024, the Plaintiff filed its ***Reply*** brief in further support of its Motion to Compel (ECF No. 55), and in accordance with the request of counsel and this Court's instruction, the Defendants filed their supplemental memorandum in response to the Plaintiff's Motion under seal and *ex parte* for the undersigned's consideration. Additionally, on October 18, 2024, the parties submitted a ***Joint Status Update Regarding Motion to Compel*** advising the Court of unresolved discovery matters following another meet and confer on the

outstanding issues (ECF No. 61).

Having considered the respective arguments of the parties, which centered on this Court's prior decision involving similar issues raised in *Marfork Coal Co., Inc. v. Smith*, No. 5:10-cv-0069, 274 F.R.D. 193 (S.D.W. Va. Mar. 17, 2011)(Vandervort, M.J.), including the pleadings filed under seal and *ex parte*, the undersigned **FINDS** that under the circumstances presented here, the Plaintiff's Motion to Compel as it relates to Interrogatories Nos. 1, 2, 5/6, 6/7, 7/8, 8/9, 10/11, and 11/12[1] and Requests for Production Nos. 3, 5, and 8 is **DENIED** for the reasons set forth *infra*:[2]

## Background

On September 19, 2023, Mountain Valley Pipeline, LLC ("Plaintiff") filed this civil action seeking injunctive and other relief against the Defendants for obstructing the Plaintiff's efforts to construct and operate a natural gas pipeline for interstate commerce in Summers County, West Virginia. The Plaintiff secured temporary and permanent easements with property owners in pursuit of this endeavor (the "Project"), however, the Plaintiff alleges efforts to proceed with the Project was thwarted because the Defendants, who oppose the Project, unlawfully obstructed access by physically blocking the roadway to prevent the Plaintiff's operation and delay work. Of interest here, the Plaintiff now moves to compel the Defendants to respond to outstanding discovery requests: the discovery dispute surrounds the Defendants' guilty pleas to the misdemeanor offense of trespass in March 2024 in the Magistrate Court of Summers County, West Virginia, which stem from the incidents alleged in the Complaint. (ECF No. 1)

---

[1] Pursuant to the Joint Status Update Regarding Motion to Compel, the undersigned accepts the parties' description that the first of each split number is the Interrogatory number in requests to Defendant Tuhus and the second is the Interrogatory number in requests to Defendant Abramoff.

[2] Due to the undersigned's decision as set forth herein, the Defendants' ***Motion for Leave to File Sur-Reply in Opposition to Motion to Compel*** (ECF No. 62) is **DENIED** as **MOOT**.

### Argument to Compel Responses/Production

The Plaintiff notes the Defendants entered guilty pleas to a single count of criminal trespass pursuant to W. Va. Code § 61-3B-3(a), and that other charges, including making false statements to an officer, destruction of property, and violation of the Critical Infrastructure Protection Act, were dismissed.[3] As a result of their guilty pleas, the Plaintiff argues the Defendants have waived their Fifth and First Amendment rights as they pertain to the relevant facts and circumstances underlying those charges. The Plaintiff observes however, that the Fifth Amendment is retained only for those claims that have not been disposed of, and that the Defendants are not at risk of state prosecution for any conspiracy related charges. At bottom, the Plaintiff seeks information about the Defendants and their co-conspirators (including those associated with Appalachians Against Pipelines): the Defendant's actions (including cutting a fence with barbed wire and setting their feet in tubs of concrete and physically attaching themselves to drilling equipment) necessarily required the assistance of other individuals, and that the Plaintiff contends that it is entitled to seek additional information about the misconduct to fully prosecute its claims for civil conspiracy and for punitive damages.

### Argument Against Compelling Responses/Production

The Defendants contend that notwithstanding their guilty pleas, they have not waived their Fifth Amendment rights with respect to any discovery request that may furnish a link in the chain of evidence related to any potential prosecution. The Defendants concede they have waived their Fifth Amendment rights only for the limited purpose of inquiry into the criminal trespass in West Virginia, however, the Plaintiff's discovery inquires have the potential to furnish evidentiary links

---

[3] Both Defendants entered guilty pleas in the Magistrate Court of Summers County, West Virginia in March 2024 (See ECF Nos. 48-1, 48-2).

in future criminal conspiracy charges and other offenses in other state and federal prosecutions, including other West Virginia state charges. Additionally, the Defendants assert that they properly invoked their First Amendment privileges to the Plaintiff's discovery inquires, as the disclosure of information would likely impair their associational activities. The Defendants dispute that the Plaintiff needs the requested discovery to prosecute its claims against them, and have offered to stipulate such information that may be deemed established for purposes of this litigation. The Plaintiff rejected this offer, which shows that the Plaintiff is not interested in narrowing the issues of dispute in this action to advance its claims, but is more interested in widening the net to capture new defendants, and therefore irrelevant to the claims and defenses asserted herein.

### Pertinent Law

As noted *supra*, given the parallels between the matters at bar and this Court's prior decision concerning a motion to compel discovery responses in *Marfork*, the undersigned observes that the Court is guided by "the central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' not merely trifling or imaginary, hazards of incrimination." See *Marfork*, 274 F.R.D. at 206 (quoting Marchetti v. U.S., 390 U.S. 39, 53 (1968)). *Marfork* determined that the Fifth Amendment's application "does not merely encompass evidence which may lead to a criminal conviction but information which would furnish a link in the chain of evidence . . . as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Id*. (citing Maness v. Meyers, 419 U.S. 449, 461 (1951)).

"The party asserting [First Amendment] privilege must demonstrate that the privilege applies and that compelled disclosure will chill associational rights and activities." *Id*. at 205 (citing In re Motor Fuel Temperature Sales Practices Litigation, 707 F.Supp.2d 1145, 1152–1153

(D.Kan.2010). To determine whether information falls under the protection of the First Amendment, courts must consider the following factors: (1) the relevance of the evidence; (2) the necessity of receiving the information sought; (3) whether the information is available from other sources; and (4) the nature of the information. *Id*. (citing <u>Grandbouche v. Clancy</u>, 825 F.2d at 1466 (10th Cir. 1987) The trial court must also determine the validity of the claimed First Amendment privilege. *Id*.

## Discussion

While the undersigned appreciates the Plaintiff's frustration that the Defendants do not appear to be confronted with other pending charges, as those would typically be on public record, having reviewed the Defendants' sealed pleadings in support of their objections to certain discovery requests, the undersigned does not share the Plaintiff's frustration. The undersigned agrees that the Defendants have indeed waived their Fifth Amendment rights against self-incrimination respecting the relevant facts and circumstances underlying those charges disposed of during the guilty plea proceedings before the Magistrate Court of Summers County – however, the Defendants' entry of guilty pleas to trespassing offenses in Summers County does not include those facts or circumstances as they relate to potential prosecutions in other jurisdictions. The pertinent discovery requests that remain in dispute drives this point home:

<u>Interrogatory No. 1</u> – Please identify all persons with discoverable information about any other entries and state the substance of information possessed by each such person.

<u>Interrogatory No. 2</u> – Please identify the addresses and the owners of all residence you have had, or in which you have stayed overnight for more than three consecutive nights, since September 1, 2023, and the periods of time that you resided or stayed there.

<u>Interrogatory No. 5/6</u> – Please identify the carrier, number, account number, owner and current whereabouts of any cellphone you have used or had in your possession since September 1, 2023.

<blockquote>

Interrogatory No. 6/7 – Please identify all of your social media accounts and user names since July 1, 2023.

Interrogatory No. 7/8 – Please identify all of your email accounts and email addresses since July 1, 2023.

Interrogatory No. 8/9 – Please state the dates, locations, and your activities at any entries that you have attended in the last 10 years.

Interrogatory No. 10/11 – Please identify all individuals that you are aware are associated with Appalachians Against Pipelines.

Interrogatory No. 11/12 – Please identify all known to you who have been involved in any entries and identify all documents relating to their involvement.

Request for Production No. 3 – Please provide copies of all communications, including text messages, social media messages, group chats, or other correspondence with any person or entity concerning MVP, Appalachians Against Pipelines, or the entries described in the Complaint.

Request for Production No. 5 – Please provide copies of all social media posts you have interacted with (posted, commented on, reacted to, etc.) concerning MVP, Appalachians Against Pipelines, or other entries described in the Complaint.

Request for Production No. 8 – Produce all documents related to any entry in which you have participated in the past 10 years.

</blockquote>

(See ECF No. 48-3) The foregoing demonstrates that the Plaintiff seeks information concerning other potentially actionable or prosecutable events in which the Defendants may have been involved that extend beyond Summers County, West Virginia, the situs of the Plaintiff's Project according to the Complaint. To that extent, given that the Project itself involves construction and operation of a pipeline from Wetzel County, West Virginia to Pittsylvania County, Virginia, the Defendants face a real risk of self-incrimination in other jurisdictions based on how they may respond to any of the aforementioned inquiries, particularly those that concern other "entries." Thus, the Defendants have shown their Fifth Amendment privileges against self-incrimination prevails over compelling the disclosure of the requested information.

Moreover, it is noted that the Plaintiff wants to know the extent and scope of the Defendants' alleged associations (particularly as they relate to Appalachians Against Pipelines) in order to discover who may have assisted them in their attempts to delay and obstruct the Project within Summers County. However, the Defendants' responses to such inquiries again not only exposes them to potential prosecution in other jurisdictions, but also presents a clear risk of civil and/or criminal actions to other members of the group if such identities are disclosed. To that end, the Defendants' First Amendment privileges must prevail over compelling the disclosure of this information.

As an additional matter, the Court observes the Plaintiff seeks injunctive and monetary relief in this action, thus, to that extent, the undersigned is not convinced the outstanding discovery requests promote the prosecution of the Plaintiff's claims as set forth herein. In other words, given the fact that these Defendants have already plead guilty to trespassing offenses as they relate to the Plaintiff's Project operations in Summers County, and their offers to stipulate to certain discoverable facts without this Court's intervention were rebuffed, the undersigned further finds the Plaintiff has not demonstrated a compelling need for the information as outlined above.

Accordingly, for the reasons set forth herein, the Plaintiff's ***Motion to Compel*** (ECF No. 48) is hereby **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to distribute a copy of this Order to all counsel of record and any

unrepresented parties.

**ENTER: October 30, 2024.**

Omar J. Aboulhosn
United States Magistrate Judge