IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MOUNTAIN VALLEY PIPELINE,
LLC,

    Plaintiff,

vs.                                                                                                                             Civil Action No. 5:23-cv-00625

MELINDA ANN TUHUS,

    Defendant.

MOUNTAIN VALLEY PIPELINE,
LLC,

    Plaintiff,

vs.                                                                                                                     Civil Action No. 5:23-cv-00626

ROSE ZHENG ABRAMOFF,

    Defendant.

## ORDER

On December 13, 2024, the undersigned hosted a TEAMS video conference concerning the ***Plaintiff Mountain Valley Pipeline, LLC's Motion for Protective Order*** (ECF No. 99) that had been filed at 3:13 PM, on Thursday, December 12, 2024 for a deposition scheduled for Monday, December 16, 2024. At 9:08 PM, the undersigned emailed the parties setting the matter for a TEAMS video conference beginning at 11:00 AM on December 13, 2024. At 10:13 AM on Friday December 13, 2024, just prior to the video conference, the Defendants' emailed their response and supporting exhibits to the Plaintiff's Motion to the undersigned's chambers and to opposing counsel in anticipation of the conference (ECF Nos. 101, 101-1 – 101-7).

Prior to and during the discussions, it became readily apparent to the Court that the Plaintiff's Motion was untimely and frivolous, given that the Plaintiff was fully aware of the topics to be addressed during the Rule 30(b)(6) deposition that was previously noticed for December 16, 2024 (ECF No. 94) for at least a month, and did nothing between then and just on the eve of this deposition to file its Motion. The Plaintiff filed no objections with the Court until the eve of the deposition. Indeed, the parties had discussed the issues raised in the Plaintiff's Motion on December 9, 2024, and agreed to a narrowing of the topics to be addressed (ECF No. 101-4). The undersigned expressed his extreme frustration with Plaintiff's counsel for having wasted the Court's time and Defendants' counsels' time on a matter that could have been, and ***had been*** discussed, and ***agreed to*** among counsel at least a week prior to the scheduled deposition – the prior discussions among counsel obviated the need of any Court intervention, and rendered the filing of the instant Motion wholly unnecessary.[1] In short, the undersigned found the Plaintiff's Motion frivolous, to say the least, and informed the Plaintiff that such conduct warrants sanctions.

---

[1] Notably and surprisingly, the deposition scheduled for December 16, 2024 had been agreed to by the Plaintiff: there was no dispute that same would go forward that day, and significantly, there were no substantive issues concerning the preparation of the Plaintiff's Rule 30(b)(6) representative. In addition, it was represented by both Counsel, that this matter was originally scheduled for November 14 and then extended to November 15. Shockingly, the Plaintiff did not object to the notice of the deposition scheduled for November 15. The only difference between the November 15 deposition and the December 16 deposition was the ***date***. After Chief Judge Volk granted the motion to extend the discovery deadline, the parties changed the date from November 15 to December 16. If the Plaintiff had any substantive objections to the notice of the deposition, they should have been filed prior to the November 15 deposition date. Furthermore, the Plaintiff sent objections on December 6 to the Defendants and Counsel for the Defendants responded by letter dated December 9. Counsel for the Plaintiff acknowledged that the letter from Defendants' Counsel, dated December 9, 2024, resolved the objections. However, the Plaintiff filed the instant Motion merely for purposes of documenting that the ***notice of the deposition had not been amended***, and to reflect the changes made by agreement of the parties as outlined in the December 9 letter from Defendants' Counsel.

The undersigned went to great lengths to facilitate a hearing on the Motion within 18 hours of its filing due to the imminency of the deposition – but at no time did the Plaintiff's counsel ever mention that the matters raised in the Motion had been resolved and that the Motion was being filed to preserve the record of the changes made as noted in the December 9, 2024 letter from Defendants' Counsel. While the undersigned has no problem going through extraordinary efforts to quickly address important matters that assist the parties, the undersigned does take great umbrage when an officer of the court acts as flippant as Mr. Rogers did in having this matter addressed by the Court on an expedited basis, when all the while ***knowing*** that the objections raised by the Plaintiff had been resolved four (4) days prior to the video conference, and just three (3) days prior to the filing of the instant Motion. Such conduct requires sanctions, and the undersigned will determine those sanctions after full briefing by the parties.

Accordingly, the ***Plaintiff Mountain Valley Pipeline, LLC's Motion for Protective Order*** (ECF No. 99) is hereby **DENIED**.

For the foregoing reasons, and because this Court was forced to quickly intervene in what should have been and had been an issue that was previously resolved between the parties, pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Defendants are invited to file the appropriate motion for attorneys' fees and costs outlining the reasons why they are reasonable in this matter and including the time it took defend the Motion for Protective Order. The Plaintiff shall be allowed to file an appropriate pleading setting forth why this Court should not issue attorneys' fees and costs and any other objections to the accounting of time filed by the Defendants.

Accordingly, the Defendants may file their petition for sanctions, fees and costs associated with their defense to the Motion for Protective Order, along with an accounting of the time expended, no later than January 31, 2025; the Plaintiff may file any response thereto no later than February 14, 2025. The undersigned will render a decision on the sanctions, accounting of fees and costs based on the pleadings only.

On a related note, counsel for the Defendants represented that they require additional time to file dispositive motions in this case, given the deposition schedule, that the Defendant Abramoff's intention to retain substitute counsel, and have filed motions to expedite the modification of the current scheduling order with Chief District Judge Volk. The undersigned was subsequently authorized to announced that District Judge Volk would extend the remaining deadlines in the scheduling order (ECF No. 92) by ninety (90) days to accommodate the parties, and that a separate order memorializing same would be entered by Chief Judge Volk.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same

within 14 days with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to distribute a copy of this Order to all counsel of record and any unrepresented parties.

**ENTER: December 16, 2024.**

Omar J. Aboulhosn
United States Magistrate Judge